### ANDREWS v. WHITE et al.

*(Common Pleas of New York City and County, General Term.  April 4, 1892.)*

RESCISSION OF CONTRACTS—RESTITUTION BY PLAINTIFF.

> Plaintiff's assignee agreed to take a set of books, containing his portrait, and to pay one-half of the agreed price when artist's proofs of the portrait were delivered to him.  *Held,* that plaintiff could not rescind the contract, and recover back the one-half paid on receipt of the proofs, without returning the latter.

Appeal from district court.

Action by Arthur W. Andrews, as assignee of John Lucas, against James T. White and another.  Judgment for plaintiff.  Defendants appeal.  Reversed.

The action was brought on a contract, of which the material provisions are as follows:  John Lucas stipulated to take of defendants, at the price of $10 a volume, one set (12 volumes) of "the National Cyclopedia of American Biography, edited by James R. Gilmore, which is to contain biographical sketch and vignette portrait of Lucas.  In consideration of the delivery for me of ten artist proofs of the above portrait, with a duplicate plate, I agree to pay one-half of the above amount upon such delivery, and the other one-half upon delivery of the complete set."  Plaintiff sued as assignee of Lucas, and had judgment below.

Argued before BISCHOFF and PRYOR, JJ.
*Frederic C. Dow,* for appellants.  *Strong & Cadwalader,* for respondent.

PRYOR, J.   Assuming for argument that, on the retirement of Gilmore from the editorship of the cyclopedia, the plaintiff had a right of action against the defendants, the question confronts us at the threshold, what were the cause and object of the action litigated between the parties?  On the one hand, the defendant contends that the action is a suit in equity for rescission of the contract; and that, being such, it could not, of course, be entertained by a district court.   But that the action is in no sense such a suit is apparent beyond controversy.  *Gould* v. *Bank,* 86 N. Y. 75.   On the other hand, the plaintiff contends that the action is for damages for a breach of contract. But it is equally evident that the action is not to recover an indefinite amount as damages for breach of contract; but is, instead, a demand for a certain, determinate sum received by defendants in pursuance of the contract, and which, by rescission of the contract, they are bound to return to the plaintiff. In a word, the action is for money had and received by the defendants to the use of the plaintiff.   By the summons the defendants are warned that, in case they fail to appear and answer, the plaintiff will take judgment against them "for the sum of $60, with interest," etc.   The complaint alleges the contract between the parties; the payment of $60 by the plaintiff to the defendants in conformity with the contract; the breach of the contract by the defendants; that because of the breach the plaintiff's assignor "elected to rescind said contract;" offered to return all he received under it, and demanded "repayment of the sixty dollars."   The relief prayed is "judgment in the sum of sixty dollars, with interest from April 29th, 1891,"—the date of the receipt of the money by the defendants.   No argument is necessary to show that the action is not for damages from breach of the contract, but is for recovery of the specific sum paid by plaintiff, and reclaimable by him on rescission of the contract.

This being the nature of the action, in form and in substance, defendants contend that it cannot be maintained, because the plaintiff has not restored all he received under the contract.   That such restitution is a condition precedent to the right of recovery in an action proceeding upon a rescission of the contract and seeking to reclaim the money paid under it, is so elementary a proposition that it were quite idle to adduce authority in its support. "To maintain such action he must first restore, or offer to restore, to the other party whatever may have been received by him by virtue of the contract."   *Vail* v. *Reynolds,* 118 N. Y. 297, 302, 23 N. E. Rep. 301.   Indeed, plaintiff himself recognizes the necessity of such restitution or offer; for in his complaint he alleges that his assignor "has tendered back to defendants. the said artist proofs."   Unfortunately for the plaintiff, he gave no evidence to substantiate his allegation of an offer to return the artist proofs to the defendants.   But the plaintiff contends, if we understand the argument, that the contract was severable; that the agreement for the sale of the book was separate and independent of the provisions for the supply of the artist proofs; that these "were given in consideration solely of advancing the time of payment of sixty dollars,—one-half of the purchase price of the books,—and were not given in consideration of any portion of said sixty dollars."   The distinction drawn by the plaintiff is so subtile as possibly to elude apprehension; but nevertheless, supposing it to be substantial, still the concession is that the artist proofs were received "in consideration of advancing the time of payment of one-half of the purchase price of the book," and so were received "by virtue of the contract."   *Vail* v. *Reynolds, supra.*   Reciting that the book sold was to be in 12 volumes, and for the price of $10 a volume, the contract stipulates that, "in consideration of the delivery of ten artist proofs," the purchaser agrees then "to pay one-half of the above amount,"— that is, one-half of the total price of the book.   Thus, by the express terms

of the contract, the $60 was not payable solely and separately as the price of the artist proofs, but as "one-half" of the purchase price of the book; "the other one-half" being payable "upon delivery of the complete set." And that plaintiff himself regarded the contract as entire and indivisible is evidenced by his allegation in the complaint that he had tendered back the artist proofs. The contract being thus entire and indivisible, plaintiff could not repudiate as to part and ratify as to part; the rule being fundamental that a contract, if rescinded at all, must be rescinded *in toto*. If, then, the $60 now sought to be reclaimed was paid as part consideration of an entire contract, that contract cannot be rescinded except on condition of the return of the artist proofs. *Masson* v. *Bovet*, 1 Denio, 69. But upon the alternative construction, namely, that the $60 was paid as the separate and specific price of the artist proofs, the case is quite as clear for the defendants. The plaintiff cannot have the thing bought and the price too. The decision of the point discussed obviates the necessity of considering the other interesting questions presented and ingeniously debated by the respective counsel.

Judgment reversed, and new trial, costs to abide the event.