White, J.
On November 22. 1884, one William Hyde recovered a judgment in this court against one Henry Arend, who is a brother of the plaintiff in this action. The judgment recovered by Hyde was for the dismissal of the complaint in that action, in which he was the defendant and said Henry Arend was the plaintiff, and for $108.88 costs. The defendant in this action, as the attorney of record of Hyde, had issued an execution on that judgment, which was returned nulla bona prior to November 20,1894. On November 20, 1894, the plaintiff in this action paid to the defendant,' Cottle, something less than the amount of that judgment, in satisfaction of it, on the faith of Cottle’s agreement to procure the judgment to be discharged of record. The arrangement was made by the plaintiff in the interest and for the benefit of his brother, Henry Arend, against whom Hyde had recovered and held the judgment for costs. Two days after the defendant had requested his client, Hyde, to execute a satisfaction of the judgr meat, Hyde was seeking to induce Henry Arend to pay the judgment to him. On November 26, 1894, the plaintiff undertook to rescind his contract with the defendant, and demanded the return of the money that he had paid to the defendant on the 20th. This action was begun December 8, 1894.
The presumption is that the judgment for costs recovered against Henry Arend by Hyde is, in equity,-the property of the defendant, unless there was an agreement between the parties to the contrary. In re Bailey, 31 Hun, 608.
The plaintiff contends that the contract between him and the defendant was entirel y independent of Henry Arend, and that there is no evidence that Henry had any interest in it. In that I think he is in error. To my mind, it is plain from the evidence, that the money was paid by Theodore solely for the benefit of Henry, and on the assumption that it was either a gift to Henry, or that he would refund it to Theodore. But the disposition to be made of this appeal must be the same in either case. The contract was executory. The money was paid, unconditionally, in satisfaction of the judgment, upon the agreement of Cottle to procure it to be discharged within a reasonable time. The plaintiff well says that whether or not Cottle failed to procure the discharge within a reasonable time is a question of law, for the court. Let us assume, then, that the plaintiff can rescind, and recover back the money paid to the defendant, in case he fails to perform his contract, namely, to procure the judgment to be satisfied of record within- a reasonable time, although it may be that for such a breach the defendant would be liablé only for damages, which- would be measured by the expense of a motion for that purpose. In this case the plaintiff knew when he paid the money that Cottle could *138 not himself discharge the judgment, by reason of the time which had passed since it was recovered. Immediately upon the receipt ■of the money, Cottle requested his client to execute the proper paper, which the client refused to do. The only thing Cottle could then have done was to proceed by a motion to compel a discharge of the judgment, and there is no evidence that he neglected to proveed in that way for an unreasonable length of time. Furthermore, Theodore Arend could rescind, if at all, only by returning to and releasing Cottle from his agreement to procure a discharge ■of the judgment. Instead of doing that, he kept and used the agreement as a practical discharge of the judgment, and theieby enabled Henry to openly take title to real estate by recording a deed of lands which he had owned for several months. There was no legal rescission. Andrews v. White, 45 St. Rep. 669.
A more troublesome proposition, from my point of view, is the •claim of the plaintiff that by special agreement between Hyde and Cottle the lat-ter had accepted $15 in full payment for his services in the suit against Henry Arend, and that, therefore, Hyde, and not Cottle, was the owner of the judgment. There was evidence .given on both sides of this question in the court below, and its judgment may have been given upon the theory that the plaintiff’s claim upon that point is well founded, and that Cottle took the money from the plaintiff wrongfully. Even if that be the case, however, and though actual fraud were charged, as the basis of action, instead of simple contract, it would be necessary still for the plaintiff to return to Cottle his contract, or release him from it, in order to put himself in a position to rescind and recover back the money paid. I think there should be a new trial on the merits. Titus, 0. J., concurs; Hatch, J., concurs in result.