WOOD et al. v. RAIRDEN.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

1. BILLS AND NOTES—ACTION AGAINST INDORSER—EVIDENCE—SUFFICIENCY.
    In an action on a note against the indorser, evidence held to show that the note was taken from the indorser in absolute payment of this indebtedness.

2. TRIAL—DIRECTION OF VERDICT—EXCEPTION—SUFFICIENCY OF OBJECTION.
    An exception to a motion to direct a verdict prevents a waiver of the right to go to the jury.
    [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 406, 331; vol. 2, Cent. Dig. Appeal and Error, § 1305.]

3. SAME—LIMITATION OF EXCEPTION.
    Where, on a motion by plaintiff for a directed verdict, defendant excepted, but stated that there was only one question on which he desired to go to the jury, there was a waiver of the right to have any other question presented.
    [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 331, 406.]

Appeal from Trial Term, Queens County.

Action by John A. Wood and others against Mary Ann Rairden. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and MILLER, JJ.

Justin S. Galland, for appellant.
William Willett, Jr., for respondents.

HOOKER, J. This action is by the holder against an indorser of a promissory note. The court directed a verdict in favor of the plaintiffs at the close of the evidence, and the defendant appeals. Upon the trial the defendant sought to establish that the contract of indorsement was made without consideration, and in this she failed. Her pleading, by omitting to deny, admitted the indorsement and delivery to the plaintiffs for value. The circumstances of the delivery were practically these: That the plaintiffs' attorney presented to her a bill which he claimed she owed them. She stated that the amount of the bill was in dispute, and she did not think she should be required to pay it or any of it until the matters in difference between them should be settled, and she even went so far as to claim that nothing was owing. It was suggested, however, at the interview that the matter might be adjusted by the indorsement and delivery to the plaintiffs of the note in suit which had been held by her for some time as payee, and the delivery to the plaintiffs of her own note for the

difference between the face of the old note and the amount in question. This she did. The note which bore her indorsement was protested and this action was commenced.

The final paragraph of her answer alleged that the contract of indorsement was upon the agreement that the defendant was not in any event to be liable for the payment of the note, which would amount to an agreement that the indorsement should be without recourse. As written, it appeared, however, to be indorsed in blank. The plaintiffs' attorney urged that her evidence was sufficient to warrant a finding that such was the contract, but it fell far short of this. The only evidence she gave which might tend to such a conclusion was:

"I gave him that note, and I gave him mine, and he gave me a receipt in full without any restrictions. * * * He took it in consideration of payment, and told me so, and would give me a receipt in full without any restrictions, and I consider the bill was paid."

This evidence tends rather to establish the fact that the notes were taken in absolute payment of the bill than that the note was indorsed without recourse.

At the close of all the evidence the court said, addressing the defendant's counsel: "What issue can I present to the jury, Mr. Galland?" This interrogatory was put in the absence of any motion by either party to direct a verdict, and it was evidently in the court's mind · that a verdict should be directed for the plaintiffs upon the evidence then presented. Mr. Galland then replied:

"The single question whether or not this $250 note was delivered upon agree ment as to payment in full to that extent— The question for the jury is wheth-er those are the circumstances under which that note was delivered, whether delivered as an absolute payment or a conditional payment."

The court then outlined its views on that question, and directed a verdict in favor of the plaintiffs. The defendant's attorney then excepted to the direction of the verdict, but made no requests to go to the jury on any special or any general questions of fact. It is doubtless true that, where the court directs a verdict, an exception to the ruling in the absence of anything from which it might be implied that the right to go to the jury had been waived, is sufficient to present the question on appeal that there were questions of fact for the jury, and it was unnecessary to request that every fact should be submitted. Vail v. Reynolds, 118 N. Y. 297, 23 N. E. 301. It is considered in the cases that the mere opposition to a motion to direct a verdict is such an objection to a direction that it cannot be considered that the party so objecting has waived his right to go to the jury, and in our opinion that rule would govern in this case were it not for the statement made by defendant's counsel, when requested by the court to state what issues there were in the case for the jury, that there was a single question in the case, which he then outlined. The defendant, in her answer to the court's inquiry, defined what her theory of the case was, and that definition showed that there was but one theory of the case upon which she claimed to be entitled to a judgment. The language of her attorney was sufficient to distract

the court's attention from any other question save what he had outlined, and was enough to waive the right of presentation of any question of fact to the jury other than the one he named.

This leads to a consideration of the question whether or not the proposition as stated by the defendant's attorney presents the question which should have been submitted to the jury. We think not. The only inference that may be drawn from the defendant's evidence was that the note in suit, together with her own note, was given and received in absolute payment of the plaintiffs' pretended claim. She had disputed at least part of it, and by giving these two notes was settling matters in difference between herself and the plaintiffs, and this certainly constituted no defense to an action based upon her indorsement.

This was the view of the learned court below. It is correct, and the judgment must be affirmed, with costs. All concur.