### BARNEWITZ v. JONEST.

(Supreme Court, Appellate Term. March 5, 1908.)

1. SALES—ACTIONS FOR PRICE—DEFENSES—VARIANCE.

In an action for the price of goods, defendant set up a contract whereby plaintiff agreed not to sell the same kind of goods to any other person during a specified time. The proof given by defendant tended to establish a contract which would be broken by a mere delivery of these goods, and the question of a possible variance was at no time alluded to in the course of the trial. It clearly appeared that plaintiff had made shipments within the reserved dates. *Held*, that it was error to take the case from the jury, and direct a verdict for plaintiff on the ground that no proof was furnished to show that the goods so shipped were actually sold, as well as shipped, within the particular period.

2. TRIAL—DIRECTING VERDICT—WAIVER OF OBJECTION.

Where, during the argument which immediately preceded the direction of a verdict, defendant's counsel several times stated that the case was one for the jury, the omission to repeat that statement after the ruling was made was not a waiver of the right to go to the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 983.]

Appeal from City Court of New York, Trial Term.

Action by Julius Hugo Otto Barnewitz against Victor Jonest. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Rudd & Sykes (Henry W. Rudd and McCready Sykes, of counsel), for appellant.

Dulon & Roe (Edward S. Clinch, of counsel), for respondent.

BISCHOFF, J.   The defense to the plaintiff's action for the agreed
price of goods sold and delivered was that the contract between the
parties contained a term whereby the plaintiff agreed not to sell the
same kind of goods to any other person until after a date certain.
Concededly the contract, so far as it was expressed in writing, requir-
ed explanation, and the plaintiff gave proof of an oral understanding
which the defendant disputed.   According to the plaintiff's version of
the transaction, the reservation in favor of the defendant was to ap-
ply only to the taking of new orders by the plaintiff, and not to the
shipments of these goods to others upon old orders.   The defendant,
on the other hand, testified to a state of facts from which the jury
could have found an agreement on the plaintiff's part to ship none of
the goods to others during the prescribed period, with the exception
of one class of goods indicated by a particular mark upon the written
order, as to which goods shipments on old orders were to be permitted.

It was the fact, as appears from the plaintiff's own proofs, that ship-
ments were made within the reserved dates, which, if the defendant's
theory of the agreement was adopted, would amount to a breach upon
the plaintiff's part; but the case was taken from the jury, and a ver-
dict directed for the plaintiff upon the ground, as the record discloses,
that no proof was furnished by the defendant to show that the goods
so shipped were actually sold, as well as shipped, within this particular
period.   While it is true that the answer ascribes the breach of contract
to the "sale" of goods to others, the proof given by the defendant
tended to establish a contract which would be broken by a mere deliv-
ery of these goods; and the question of a possible variance was at no
time alluded to in the course of the trial.   Apparently the parties liti-
gated the issue as to the real terms of the agreement by consent, and,
as the issue was finally presented upon the proofs, there was certainly
a question for the jury.

During the argument which immediately preceded the direction of a
verdict, the defendant's counsel several times stated that the case was
one for the jury, and the omission to repeat that statement after the
ruling was made was not a waiver of the right to take a verdict.  Wood
v. Rairden, 111 App. Div. 303, 305, 97 N. Y. Supp. 735.

The judgment and order are therefore reversed, and a new trial or-
dered, with costs to appellant to abide the event.   All concur.