ELIZABETH D. VAIL, Respondent, v. WILLIAM M. REYNOLDS, Appellant.

Plaintiff brought an action to recover damages sustained through alleged fraudulent representations of defendant, inducing the purchase by her of certain stock. Plaintiff's evidence tended to show that the stock was worthless, and it was tendered back on the trial; one of the defendant's witnesses however testified to facts showing that it had some value. The trial judge after instructing the jury as to the particular facts necessary to establish defendant's liability, further instructed them, that if such facts were established to their satisfaction, plaintiff was entitled to a verdict for the amount paid by her for the stock to which the jury might add interest "by way of damages." Defendant's counsel excepted in these words: "I except to the instruction, that if the plaintiff is entitled to recover, she is entitled to recover the amount paid by her on the purchase of the stock whether that purchase be intended to include or exclude interest." *Held,* that the charge was erroneous, and that defendant's exception thereto was sufficient; that it was not necessary to specifically request the court to reconsider its decision and submit the question of damages to the jury; that plaintiff was entitled to recover the difference between the value of the stock as it was, and the value as it would have been had the representations been true; and that the question as to the actual value of the stock was one, which in the absence of any waiver, defendant was entitled to have determined by the jury.

Also, that defendant's liability was not effected by the tender on trial, as the action was not one which permitted plaintiff to return the stock.

*It seems,* a person induced, by fraudulent representations, to purchase property has three remedies. He may, upon discovery of the fraud, rescind the contract absolutely and sue in an action at law to recover the consideration parted with upon the fraudulent contract; but he must first restore, or offer to restore, to the party sued, whatever he has received by virtue of the contract. He may bring an action in equity to rescind the contract and as such action is not founded upon a rescission, but to obtain one, it is sufficient for the plaintiff to offer in his complaint to return what he has received and make a tender of it on the trial. He may retain what he has received and bring an action at law to recover the damages sustained, the measure of which is the difference between the value of the article sold and what it should be if as represented.

It is competent for an appellate court, on appeal from a judgment, when an error on the trial does not involve the right of recovery, but simply the amount, and the effect thereof can be clearly and definitely determined on the evidence before it, to permit the respondent to consent that

the judgment may be corrected by deducting therefrom the amount erroneosly included and to affirm the judgment as modified.

This rule applies to actions of torts, as well as to actions on contract.

*Vail* v. *Reynolds,* (42 Hun, 647), reveversed

(Argued December 16, 1889; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made December 31, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*Wm. B. Hornblower* and *J. Tredwell Richards* for appellant. In an action to recover damages for deceit in the sale of property, the false representations must be material to the pecuniary value of the property. They must be of such nature that their truth or falsity would affect the intrinsic character and value of the property itself. (*Bennett* v. *Terrill,* 20 Ga. 83, 86; *Upton* v. *Vail,* 6 Johns. 181, 183; *Nye* v. *Merriam,* 35 Vt. 438, 443; *Castleman* v. *Griffen,* 13 Wis. 537; *Taylor* v. *Scoville,* 54 Barb. 34; *Yockman* v. *Chapin,* 19 J. & S. 17.) There is no evidence to show that any of the material representations, alleged to have been made by defendant, were untrue. (*Whiteside* v. *Hyman,* 10 Hun, 218.) The present action cannot be maintained as an action at law upon a rescission to recover back the consideration paid. (*Gould* v. *C. Nat. Bk.,* 86 N. Y. 75.) The court instructed the jury that if they found for the plaintiff, she was entitled to the full amount of consideration, paid by her for the stock, with interest, less amount received by her from resales of the stock; this was error, (*Krumm* v. *Beach,* 96 N. Y. 406; *Grissler* v. *Powers,* 81 id. 57; *Graves* v. *Spier,* 58 Barb. 349, 387; *Coles* v. *Watson,* 14 Hun, 41, 45; *Rawley* v. *Woodruff,* 2 Lans. 416; *Muller* v. *Eno,* 14 N. Y. 597; *Whitney* v. *Allaire,* 1 id. 305; *Hubbell* v. *Meigs,* 50 id. 481; *Wyeth* v. *Morris,* 13 Hun, 338.) But not only was the rule of damages prescribed to the jury erroneous in itself, but it was highly prejudicial in its practical operation and effect.

(*Green* v. *White*, 37 N. Y. 407.) The learned trial judge did not have a right to proceed, as he actually did, upon the hypothesis that the stock held by the plaintiff was worthless. (*People ex rel.* v. *Jones*, 17 N. Y. S. R. 585, 592.) The burden of proof was upon the plaintiff to show that the stock was worthless at the time the sale was made. (*Murray* v. *Stanton*, 99 Mass. 345; *Masterson* v. *Mayor, etc.*, 7 Hill, 61; *Masterson* v. *Boyce*, 29 Hun, 456; *Stone* v. *Power*, 47 N. Y. 568, 569; *Requa* v. *Holmes*, 16 id. 202; *Goldmans* v. *Abrahams*, 9 Daly, 223; *Schenk* v. *Andrews*, 57 N. Y. 133; *Freund* v. *Paten*, 10 Abb. [N. C.] 311; *Allis* v. *Leonard*, 58 N. Y. 291.) It is only where the party excepting has done some affirmative act to deprive himself of the right to his exception, or to render it immaterial that it becomes necessary in order to reinstate himself to call attention to the correct rule of law, or to claim the benefit of the precise right apparently waived. (*Winchell* v. *Hicks*, 18 N. Y. 565; *O'Neil* v. *James*, 43 id. 84; *F. Nat. Bk.* v. *Dana*, 79 id. 116; *Trustees, etc.* v. *Kirk*, 68 id. 459; *Stone* v. *Potter*, 47 id. 568, 569.)

*Wm. W. Goodrich* for respondent. Exceptions were taken to the proof of contemporaneous frauds of the defendant in the sale of stock to other persons. Such evidence is admisible to show intent. (*Cary* v. *Houghtaling*, 1 Hill, 311; *Hall* v. *Naylor*, 18 N. Y. 588; *Miller* v. *Barber*, 66 id. 558.)

BROWN, J. The plaintiff sued the defendant to recover damages sustained by fraudulent representations inducing the purchase of stock of the Cisco Consolidated Gold Mining Company and had a judgment in her favor, which has been affirmed at the General Term.

We think there was ample testimony to justify the submission of the case to the jury, and the exception to the denial of the motion to dismiss the complaint need not be further alluded to.

The principal question on this appeal arises upon an exception to the charge upon the measure of damages.

The learned trial judge very fully and carefully instructed the jury as to the particular facts necessary to be proven to

establish the defendant's liability, and further instructed them that if such facts were established to their satisfaction that the plaintiff was entitled to a verdict for the amount of money which she had paid out for the stock in question, which sum was stated to the jury to be $18,000, to which the jury was permitted to add interest "by way of damages."

The counsel for the defendant excepted to this instruction as follows: "I except to the instruction that if the plaintiff is entitled to recover she is entitled to recover the amount paid by her on the purchase of the stock whether that purchase be intended to include or exclude interest."

It is claimed by the respondent that this exception was not sufficient to bring up for review the ruling of the court on the measure of damages for the reason that it was based on the assumption of the fact that the stock was worthless, and that if the appellant had desired to have the question of its value submitted to the jury he should have made a specific request to that effect.

The rule invoked by the respondent is of frequent application when a party by a motion for a non-suit or for a direction of a verdict, assumes certain facts to be undisputed, and rests his case on propositions of law, and thus impliedly waives his right to go to the jury. (*Winchell* v. *Hicks*, 18 N. Y. 558; *O'Neill* v. *James*, 43 id. 84.) But we think it has no application to the case at bar.

The defendant had assumed no position in the case and had done no act from which the court could have assumed that he waived his right to have all the disputed facts in the case submitted to the jury, and if the court erroneously assumed that the facts as to the value of the stock were not in dispute, and laid down a rule for the guidance of the jury, based upon such erroneous view of the evidence, the question of error is presented under the general exception to that part of the charge, and it was not necessary to particularly request the judge to reconsider his decision, and submit the question of value to the jury.

In effect the charge was a direction of a verdict for the

amount paid for the stock, provided the jury found the facts necessary to create liability, and the rule is now well established that when the court directs a verdict, an exception to the ruling of the judge, in the absence of anything from which it may be implied that the right to go to the jury has been waived, is sufficient to present the objection on appeal that there were questions of fact for the jury, and it is not necessary to request that every fact be so submitted. (*Trustees of East Hampton* v. *Kirk*, 68 N. Y. 459; *First Nat. Bank* v. *Dana*, 79 id. 108, 110; *Stone* v. *Flower*, 47 id. 566.)

The only thing that occurred during the trial that it is claimed amounted to a waiver of all questions of fact relating to the value of the stock, was a conversation between the counsel for the parties at the close of the plaintiff's case. This amounted to no more than an inquiry by defendant's counsel as to the amount claimed by the plaintiff and a reply giving the amount in substantially the language of the complaint. There was certainly nothing in this to create the impression that the defendant agreed to the amount named, and the court did not adopt it in the charge to the jury, as it materially reduced the figures then named, and it was followed by proof on defendant's part to the effect that the stock had some value.

We think the exception to the charge was well taken. The action was plainly one for deceit, and the measure of damages in cases of that character is full indemnity for the loss sustained.

The representations inducing the purchase being false in fact, must be made good in their pecuniary consequences. Accordingly the party defrauded is entitled to be made pecuniarily as well off as if the representations had been true, and this is accomplished by allowing to him, as damages, a sum of money equal to the difference between the value of the property as it was in fact and the value as it would have been if the representations had been true. (*Krumm* v. *Beach*, 96 N. Y. 398, 406; *Whitney* v. *Allaire*, 1 id. 305.)

While not denying that the rule laid down by the trial court in its general application to cases of deceit was erronous, the respondent claims it was correct in this case for the reason,

*first*, that the stock was shown to be worthless and, *second*, it was offered back to the defendant on the trial.

There was evidence given on the part of the plaintiff which tended to show that the stock had no value and which if it had been uncontradicted would have justified that conclusion, but Vanderwater Smith, a witness called by the defendant, testified to a personal examination of the mine, and stated that, in his opinion, founded upon such examination, the property was worth $200,000, and that after his examination he purchased some of the stock of the company paying therefor two dollars per share.

We think the defendant was entitled to have the jury consider this evidence and if it had been believed it would have permitted the conclusion that the stock had a value equal to two dollars per share.

The action was not one which permitted the plaintiff to return the stock to the defendant, and the tender thereof on the trial, was not an act appropriate to any purpose material to the plaintiff's case and had no effect on the extent of the defendant's liability.

A person who has been induced by fraudulent representations to become the purchaser of property, has upon discovery of the fraud three remedies open to him, either of which he may elect. He may rescind the contract absolutely and sue in an action at law to recover the consideration parted with upon the fraudulent contract. To maintain such action he must first restore, or offer to restore, to the other party whatever may have been received by him by virtue of the contract. (*Gould* v. *Cayuga County Nat. Bank*, 86 N. Y. 75 ; *Thayer* v. *Turner*, 8 Met. 550 ; *Evans* v. *Gale*, 17 N. H. 573.)

He may bring an action in equity to rescind the contract and in that action have full relief, (*Allerton* v. *Allerton*, 50 N. Y. 670.) Such an action is not founded upon a rescission, but is maintained *for* a rescission, and it is sufficient therefore for the plaintiff to offer in his complaint to return what he has received and make tender of it on the trial. Lastly, he may retain what he has received and bring an action at law to recover the

damages sustained. This action proceeds upon an affirmance of the contract and the measure of the plaintiff's recovery is the difference between the article sold and what it should be according to the representations. (*Krum* v. *Beach, supra*.)

As already stated this action was of the latter class. No equitable case was made by the complaint and no equitable relief sought. The contract had not been rescinded and the judgment asked for was for damages. It was not competent, therefore, under the case made by the pleadings, for the plaintiff to restore the stock to the defendant and the offer had no effect on the measure of the plaintiff's recovery.

The charge of the court therefore was erroneous. The error, however, was not one which went to the right of recovery but affected solely the amount of the verdict.

Under the facts as they appear in the record we do not think the case one in which the defendant is entitled absolutely to a new trial, but the plaintiff must be given an opportunity by consenting to a reduction of the judgment to correct the effect of the error of the charge.

While this court cannot reduce a judgment on the ground that the damages are excessive or assume the province of the jury and determine the damages, where the amount is indefinite or uncertain, it is undoubtedly competent always for an appellate court, when the effect of an error not involving the right of recovery can be clearly and definitely determined on the evidence before it, to permit the respondent to consent that the judgment be corrected by deducting therefrom the amount erroneously included therein. (*Moffet* v. *Sackett*, 18 N. Y. 528.) And this rule applies to actions in tort as well as actions on contract.

In this case the utmost that can be claimed for the defendant's testimony as to the value of the stock is that it was worth two dollars per share.

It would have been optional with the jury whether or not they should give the evidence any effect, but beyond two dollars per share they could not go.

The effect of the erroneous ruling of the court, therefore, was to deprive the defendant of a possible deduction of that amount from the sum paid for the stocks.

The plaintiff purchased in all 1,250 shares of stock as follows: In February, 1880, 600 shares; in March, 1880, 250 shares; in January, 1882, 200 shares; in April, 1882, 200 shares.

There was sold out of the first two lots 400 shares, and the proceeds of such sale were applied in reduction of the defendant's liability, leaving in her possession at the commencement of the action 850 shares.

A reduction from the amount of the judgment of $1,700, with interest on $900 from February 1, 1880; on $400 from January 1, 1882, and on the balance from April 1, 1882, affords to the defendant all the benefit he could have had from a consideration of his evidence as to the value of the stock by the jury.

The plaintiff may, within twenty days, stipulate to reduce the judgment in the sum indicated, and if such stipulation is filed the judgment so reduced will be affirmed without costs in this court to either party, but if not filed the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment accordingly.