By the Court.—Truax, J.
The plaintiff was the owner, of certain property that he had bought from one Duntze. At the time of the sale Duntze owed one Wagner, and the firm of Austin, Nichols & Co. the substituted defendants herein. Plaintiff was ignorant of the fact that Duntze owed Austin, Nichols & Co., but did know that he owed said Wagner, and to protect himself against the claim of said W agner ,had *331 said Wagner join said Duntze in making the bill of sale to him, said plaintiff. This bill of sale contained a statement that the property purchased “was free from all claims.” Afterwards Duntze confessed judgment to Austin, Nichols & Co., execution was issued on this judgment and the sheriff levied on the property that had been sold by Duntze to plaintiff. Plaintiff to relieve his property from the levy, paid the sheriff, under protest, the sum of $479.02. He now brings this action to recover that sum.
It was shown on the trial that, after payment by plaintiff to the sheriff, he went to W agner and obtained the sum of $475, and gave a document in which he acknowledged the receipt of said sum, and stated that such sum was, “ in full for all claims and demands of every nature and description ” against the said Wagner. It does not appear that plaintiff had any other claim against said Wagner than the claim growing out of the sale to him by Duntze and Wagner, and the seizure of the property by the sheriff. In fact, the only inference that can be drawn from the testimony is that he had no other claim. But plaintiff sought to show on the trial that he borrowed the $475 from Wagner.
The trial judge charged that plaintiff could not be defeated by the fact that he received the sum above mentioned from Wagner; that such payment must not be considered as a defence and did not enure to the benefit of the defendants and was not received as satisfaction. To this charge the defendants excepted.
The defendants had set up in their answer this payment by Wagner, and had alleged that plaintiff was not the real party in interest.
The case presents this state of facts : plaintiff makes a claim for the same cause of action against two parties ; one of these parties pays said claim and he then brings an action against the other party. Can he maintain such action ?
*332 We are of the opinion that he cannot at present maintain such an action in this court. The payment by Wagner, that is if made as stated in the documents above referred to, acted as an equitable assignment against plaintiff of any cause of action that he might have against the sheriff for wrongfully seizing his, the plaintiff’s, property, and it was error for the trial judge to charge as above stated. If, however, said $475 was lent by Wagner to plaintiff, it would not act as an assignment or satisfaction of plaintiff’s claim against defendants, and in that event the question of loan or equitable assignment should have been left to the jury. The charge was, in effect, a direction to find for plaintiff on that point, and it was not necessary for defendants, they having excepted, to ask to go to the jury on that point. Vail v. Reynolds, 108 N. Y. 301 and cases there cited.
We have not considered the question of fraud in the sale to plaintiff, because that question was decided against defendants, and there are no exceptions in the case that bring the question before us.
The judgment and order appealed from are reversed and a new trial is ordered, with costs of the former trial and of this appeal to the party who finally prevails in the action.
Freedman, J., concurred.