GRAND RAPIDS SAFETY DEPOSIT CO. *v.* CINCINNATI SAFE & LOCK
CO. *et al.*

*(Circuit Court, S. D. Ohio, W. D.    April 23, 1891.)*

**1. FRAUD—COLLUSION WITH AGENT—RIGHTS OF PRINCIPAL.**
    A corporation which contracts with the agent of another corporation to furnish
    the latter a safety vault for $7,250, but at the request of the agent expresses the
    consideration in the contract to be $13,000, and afterwards gives the agent a state-
    ment of account showing a false credit of $5,750 for a payment, purporting to have
    been made by the agent, is liable to the agent's principal for the amount realized by
    the agent by means of the fraud.

**2. SAME—RIGHT OF ACTION.**
    The fact that the agent is also a stockholder in plaintiff corporation does not af-
    fect its right to recover for the fraud perpetrated.

**3. SAME—KNOWLEDGE OF PRINCIPAL—LIABILITY.**
    Where the fraudulent contract was made by defendant's president, who was its
    managing officer, and made its contracts, defendant cannot escape liability on the
    ground that this transaction was conducted by the president without its knowledge
    or concurrence.

**4. SAME—AMOUNT OF RECOVERY.**
    The fact that stock in plaintiff corporation was issued to the agent for the amount
    of the fraudulent excess in the price of the safety vault, and that this stock is worth
    less than its face value, does not affect the liability of defendant for the face value
    of the stock, that being the amount of the fraudulent overcharge.

At Law.

*Wilby & Wald* and *Montgomery & Bundy*, for complainants.
*Follett & Kelly*, for defendants.

ON MOTION FOR NEW TRIAL.

SAGE, J.    The argument by counsel for the defendant upon motion
for a new trial omits the consideration of the rules of law which control
the case.    Goodrich, the agent of the promoters who subsequently organ-
ized the plaintiff corporation, and became its sole original stockholders,
made a contract with the defendant company for a safety vault for the
uses of the corporation.    The defendant agreed with him to furnish and
put up the vault for the sum of $7,250, but upon his request the con-
sideration expressed in the contract was $13,000, which was the amount
paid by the plaintiff company, as follows:    $7,250 in cash, and the resi-
due in capital stock, issued by the company at par, to Goodrich, in con-
sideration of his supposed payment of the amount thereof on account of
said contract.    The contract shows upon its face that Goodrich was act-
ing for the promoters on behalf of the corporation about to be formed.
There can be no possible doubt, either in law or in fact, that the defend-
ants were chargeable with notice that Goodrich was acting as an agent.
Now, there is no proposition of law relating to agency better settled than
that the agent must be loyal to his trust, and that he may not deal in
the business of his agency for his own benefit.    Whart. Ag. § 231 *et
seq.;* Mechem, Ag. § 454 *et seq.*    From this principle results the other
rule that all profits made and advantages gained by the agent in the ex-
ecution of his agency belong to the principal.    *Ringo* v. *Binns*, 10 Pet.
269.    Even if it be shown that the principal was not in fact injured by

the intervention of the agent in his own behalf the result is the same. *Gardner* v. *Ogden*, 22 N. Y. 327. If the agent, dealing with the subject-matter of his agency, acquires a profit for himself, the law will compel him to account for and transfer to his principal the profit thus acquired. Mechem, Ag. § 469, and cases cited. This is by reason of a principle which applies as well to trustees, who may be held to account for all profits realized by their use of the trust funds for their own benefit. In this case the transaction was accomplished by fraud and deceit. It could not have been carried into effect without the connivance and active co-operation of the defendants. Not only did they insert the false and fraudulent statement of consideration in the contract, but later the defendant company (for this particular incident is not shown to have been participated in by the defendant Halliday) furnished to Goodrich, to be by him exhibited to the plaintiff, a statement of account showing a false credit of $5,750 for a payment purporting to have been made by him.

It is elementary that all who participate in the perpetration of a fraud are to be regarded as principals. The defendants are therefore liable for the amount which was realized by Goodrich by reason of the fraud. This being so, and the facts not being in dispute, the court properly charged the jury to find a verdict in favor of the plaintiff for $5,750, being the amount realized by Goodrich for his own benefit out of the transaction.

To the argument of counsel for the defendant that, inasmuch as Goodrich became the holder of $8,000 of the entire issue of $15,000 of the complainant's stock, the recovery in this case will in fact be in the like proportion for his benefit, the answer is plain. There is no testimony tending to prove that Goodrich is now, or has been since the institution of this suit, the holder of the stock issued to him. If he were, that is not a matter in regard to which the court would concern itself. The law does not recognize the right to contribution in favor of wrong-doers. It leaves them to adjust their own affairs between themselves, refusing any aid whatever to any of them.

It is urged, further, that the entire transaction on the part of the defendant company was conducted by the defendant Halliday, without its knowledge or concurrence. The defendant is a corporation, and Halliday was and is its president and managing officer, through, and by whom, it made its contracts and transacted its business, and it is responsible for his acts. Whether, in a proceeding in equity, the defendant company, upon making a clear showing that it was made liable for this fraud by the unauthorized participation of its president therein, in its name, without its knowledge or consent, could be relieved from payment of so much of the damages as would accrue to the benefit of Goodrich as a stockholder, or could recoup upon Halliday, are questions not before the court. This is an action at law, and the plaintiff is entitled to damages irrespective of these considerations.

It is further urged that it appears from the testimony that the stock of the complainant company is worth much less than its face value, and that the damages should be reduced correspondingly. The authorities

cited in favor of this proposition are as follows: *Teachout* v. *Van Hoesen,* 76 Iowa, 113,[1] holding that where fraudulent representations as to the value of property to be furnished as part of the plant of a corporation to be organized, were made to induce a person to become a stockholder therein, he, and not the corporation, is the proper party to maintain an action for such fraud. But in that case the fraud was against an individual. In this case it is against the corporation. In *Nysewander* v. *Lowman,* 124 Ind. 584, 24 N. E. Rep. 355, land had been exchanged for stock in a corporation upon a fraudulent representation as to its value. It was held that the measure of damages was the difference between the actual value of the stock and its value as represented. That holding was no doubt correct. But here is a case, not of the transfer of stock by the stockholder to whom it had been issued by the company, or by his transferee, but of an issue of stock by the corporation itself to one who stood as an original subscriber, and received it as paid-up stock, upon the false and fraudulent statement that he had actually paid the amount in cash for account of the company. The case of *Vail* v. *Reynolds,* 118 N. Y. 297, 23 N. E. Rep. 301, was also cited, but as it is to the same effect as the case last above it is not necessary to refer to it more particularly. The stock issued by the company to Griswold could not lawfully have been issued at less than par, and if by reason of the failure of the plaintiff to succeed in its business, or from any other cause, it depreciated in value, that fact cannot avail the defendant in this action. The motion for a new trial will be overruled, and judgment entered for the plaintiff for the amount of the verdict, with costs.