(23 Misc. Rep. 115.)

VIETOR et al. v. NICHOL et al.

(Supreme Court, Appellate Term. March 30. 1898.)

APPEAL—DIRECTING VERDICT.

Where, at the trial of an action, the defendant does not move for the dismissal of the complaint, or do any act from which a waiver of his right to go to the jury could be implied, his exception to the direction of a verdict in the plaintiff's favor is sufficient, upon appeal, to raise the point whether there were any questions of fact requiring determination by the jury.

Appeal from city court of New York, general term.

Action by George F. Vietor and others against George T. Nichol and others to recover a balance due for merchandise sold. From a judgment of the general term affirming a judgment on a verdict directed for plaintiffs (45 N. Y. Supp. 1150), defendants appeal. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Herbert H. Walker and Campbell & Hance, for appellants.
A. Blumenstiel and Blumenstiel & Hirsch, for respondents.

GIEGERICH, J. We think the case should have been submitted to the jury on the question whether there was any agreement between the parties by which the appellants were to have the privilege of examining and returning defective goods, from time to time, as the articles sold were taken from the plaintiffs' warehouse. The actual return of goods, and the acceptance of the same by the respondents, from time to time, tended to sustain the claim made by the appellants that there was such an agreement, and was a corroborative circumstance which the jury were entitled to take into consideration. The respondents seek to uphold the judgment on the ground that the appellants did not request to go to the jury upon any question of fact; but as the latter did not move for a dismissal of the complaint, or do any other act from which a waiver of their right to go to the jury could be implied, their exception to the direction in respondents' favor is sufficient upon this appeal to raise the point whether there were any questions of fact requiring determination by the jury. Vail v. Reynolds, 118 N. Y. 297, 301, 23 N. E. 301, and citations. As there must be a new trial, we consider it proper to say that greater care should be shown in putting in the proofs. Among other things, it is impossible to determine from the record what discounts the defendants were entitled to, and on what basis they were estimated.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.