(63 Misc. Rep. 98.)

### HARLOW v. HAINES et ux.

(Supreme Court, Special Term, New York County. April 22, 1909.)

1. FRAUD (§ 39*)—DEFENDANTS—NONJOINDER.

Allegations that defendants owned a large amount of the stock of a corporation, and to induce plaintiff to purchase stock made certain false representations as to the corporate property and assets, relying upon which plaintiff purchased stock and expended a sum for the corporation, but that the representations were false, etc., did not state a cause of action against the corporation, so as to render the complaint defective for not making it a defendant.

[Ed. Note.—For other cases, see Fraud, Dec. Dig. § 39.*]

2. FRAUD (§ 39*)—ACTIONS—PARTIES—DEFENDANTS—NECESSARY PARTIES.

In an action against stockholders of a corporation for fraudulent representations in inducing plaintiff to purchase stock, the corporation need not be made a defendant, even if the complaint showed a cause of action against it as well as the stockholders.

[Ed. Note.—For other cases, see Fraud, Dec. Dig. § 39.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. ACTION (§ 47*)—MISJOINDER OF CAUSES OF ACTION.

Allegations that defendants owned corporate stock, and to induce plaintiff to purchase stock made certain false representations as to the corporate assets and property, relying upon which plaintiff purchased the stock and expended a certain sum for the corporation, but that the representations were false and fraudulent, which defendants knew, only alleged a cause of action for fraud and deceit, and the complaint was not demurrable for joining an action for deceit with one for money paid to the corporation.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 469–489; Dec. Dig. § 47.*]

4. PLEADING (§ 11*)—ALLEGATIONS—SUFFICIENCY—REPRESENTATION THROUGH AGENT.

It was unnecessary to allege that fraudulent representations were made through an agent. it being sufficient to allege that they were made by defendant, so that it was immaterial whether other allegations sufficiently alleged that she made them through her agent.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 31; Dec. Dig. § 11.*]

5. FRAUD (§ 59*)—DAMAGES—MEASURE.

In an action for inducing plaintiff to buy stock by false representations, the question is whether the stock was worth as much as it would have been had the representations been true, and not whether it was worth more or less than plaintiff paid for it.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 61, 62; Dec. Dig. § 59.*]

6. FRAUD (§ 58*)—EVIDENCE—SUFFICIENCY.

The value of the assets of a corporation is evidence of the value of its stock, and largely constitutes its value, so that, where the assets of the corporation were not of the value they were fraudulently represented to be to induce another to buy stock, its stock was necessarily worth less than it would be if the assets were of the value represented.

[Ed. Note.—For other cases, see Fraud, Dec. Dig. § 58.*]

7. FRAUD (§ 44*)—PLEADING—SUFFICIENCY.

In an action against stockholders for false representations, made to induce plaintiff to buy stock, in reliance on which he purchased the stock and made advancements to the corporation, that the advancements to the corporation were not sufficiently pleaded did not affect the right of action for deceit.

[Ed. Note.—For other cases, see Fraud, Dec. Dig. § 44.*]

Action by George R. Harlow against Charles D. Haines and wife. On demurrers to the complaint. Demurrers overruled, with leave to answer.

George D. Zahm, for plaintiff.
Joseph A. Burdeau, for defendants.

GIEGERICH, J. Each of the defendants separately demurs to the complaint upon the grounds (1) that it does not state facts sufficient to constitute a cause of action; (2) that it does not state facts sufficient as against the demurring defendant; (3) that there is a misjoinder of causes of action, apparent on the face of the complaint, in that a cause of action for fraud and deceit has been joined with a cause of action for money paid and expended; (4) that there is a defect of parties defendant, apparent on the face of the complaint,

in that it sets up a cause of action for moneys paid and expended on behalf of a corporation known as the International Kaolin Company, but does not make that corporation a party defendant.

The complaint alleges in substance that in the year 1904 the defendant, with certain associates, were interested in and owners of a large amount of the capital stock of the International Kaolin Company, a New Jersey corporation, organized and controlled by them; that the defendant Lida Haines was represented in the transactions therein referred to by her husband, the defendant Charles D. Haines; that in May, 1904, the defendant Charles D. Haines, acting for himself and the defendant Lida Haines as aforesaid, for the purpose of inducing the plaintiff to become interested in the said corporation and to purchase its stock and to incur the expenditures thereinafter referred to, represented to the plaintiff that the properties of the corporation situated in Lake county, Fla., were very valuable, and that the clay produced by it was a staple product; that in its then condition it was capable of producing 30 tons of clay a day; that with the expenditure of $12,000 the output of said plant could be increased to and maintained at 100 tons of clay a day; that there was a demand in the market for the clay of at least 300 tons a day, and that it could be produced and sold up to that amount at a net profit of upwards of $3 a ton; that the entire outstanding indebtedness of the corporation did not exceed $6,000; that the properties of the corporation had been examined by an engineer who was disinterested and was the best kaolin engineer and expert in the country, and that the foregoing statements were based upon a careful examination of the properties by the defendant Charles D. Haines and the said expert; that a contract could be procured from the said engineer and expert guaranteeing an output of at least 100 tons a day at a cost not to exceed $1.15 a ton; and that a contract could be procured from a responsible selling firm guaranteeing the sale of at least 100 tons a day at not less than $5 a ton profit. The complaint then alleges that the plaintiff, relying upon these representations, purchased of the defendants their interest in 2,500 shares of the stock of the corporation and paid the defendants $15,000 therefor, and laid out and expended for the corporation $26,640, and that the representations before mentioned were false and fraudulent, and known by the defendants to be so, and were made by the defendants for the purpose of inducing the plaintiff to make the purchase and incur the expense aforesaid, and did so induce him. It is then alleged that the said properties of the corporation were in fact about to be foreclosed at the time of the negotiations between the parties, and that shortly thereafter they were sold under foreclosure of a mortgage, the bonds secured by which were owned by the defendants and their associates, and that the property was purchased by "said Haines," and bonds and stock of the new corporation, to which said properties were transferred, issued to the defendants and their associates. Various facts are also alleged inconsistent with the representations before mentioned, which seem, however, to have been sufficiently covered by the previous allegation that such representations were false. The complaint then states that

by reason of the foregoing facts the plaintiff has been damaged in the sum of $50,000, and judgment is demanded for that sum.

The third and fourth grounds of demurrer may be disposed of by saying that the plaintiff has not attempted to make the corporation a party, and was not bound to do so in an action for fraud and deceit, even if a cause of action had been stated against it equally with the defendants. No cause of action is stated against the corporation, however, on any theory, and there is only one cause of action attempted to be stated against the defendants, and that is for fraud and deceit.

The separate demurrer of the defendant Lida Haines upon the second ground is based upon the theory that the agency of her husband in making the representation is not sufficiently pleaded. It was, of course, wholly unnecessary for the plaintiff to allege any agency in the making of the representations. The simple allegation that they were made by the defendants was the appropriate form. Krans v. Lewis, 115 App. Div. 106, 100 N. Y. Supp. 674. Such an allegation is contained in the sixth paragraph of the complaint. It is therefore unnecessary to consider or determine the question of the sufficiency of the allegation, elsewhere contained, that her husband "represented" and "acted for" the defendant Lida Haines in the transactions referred to. Even if such allegations be insufficient to show his authority, the complaint is saved by the later averment of her personal participation.

The representations concerning certain properties owned by the corporation and concerning its financial condition induced the plaintiff to purchase stock of the corporation and to advance moneys to it. Aside from mere naked representations as to value and representations as to future possibilities, there were misrepresentations of positive and material facts concerning the properties of the corporation and concerning its financial condition. While there is no allegation of the value of the stock at any time, and no allegation that it was at any time worth less than the plaintiff paid for it, the question is not whether it was worth more or less than it cost, but whether it was worth as much as it would have been if the representations relied upon had been true. Vail v. Reynolds, 118 N. Y. 297, 23 N. E. 301. It is manifest that it could not have been worth as much. The value of the assets of the company is evidence of the value of its stock (Vail v. Reynolds, supra); and, indeed, it might be said constitutes the value of its stock. If a corporation does not in fact possess certain assets of value it is alleged to possess, or has liabilities it is represented not to have, it is obvious, without argument and from the nature of things, that its stock is not worth as much as it would be if the facts were as represented. It may be that the plaintiff has not sufficiently pleaded as part of his damages his advances to the corporation; but this does not affect his cause of action for the deceit which induced his purchase of the stock.

My conclusion is that the complaint states facts sufficient to constitute a cause of action against both defendants, and that the separate demurrers of each should be overruled, with costs, with leave to with-

draw and answer upon payment of costs within 20 days after service of a copy of the interlocutory judgment to be entered, with notice of the entry thereof.