(78 Misc. Rep. 281.)

## VAN DENBURG v. SCOTT.

(Supreme Court, Trial Term, Schenectady ·County.   November, 1912.)

1. CONTRACTS (§ 259*)—RESCISSION—MISREPRESENTATION.
    Misrepresentation by one party to a contract of a' fact essentially entering into the inducement on which the other party entered into the contract is a ground for rescission by the latter of the contract, though containing no reservation of a right to rescind.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1153–1172 ;. Dec. Dig. § 259.*]

2. SALES (§ 404*)—REMEDY OF BUYER—FALSE REPRESENTATIONS.
    A buyer, induced by the false representations of the seller to purchase, may elect to rescind and sue for the purchase money, or elect to sue for damages.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1146; Dec. Dig. § 404.*]

3. ELECTION OF REMEDIES (§ 7*)—ACTS CONSTITUTING.
    Where a buyer served on the seller with a summons a statement reciting that he rescinded the contract induced by the seller's fraud, offered to restore the goods procured, and demanded a repayment of the price, and the seller made no reply to the statement, there was no election of remedies by the buyer, and he could thereafter file a complaint for damages for the fraud, since to make an election binding a party must manifest an election by an unequivocal act, done with the necessary amount of knowledge as to his rights.
    [Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 12 ; Dec. Dig. § 7.*]

Action by Frank A. Van Denburg against Vedder C. Scott.   Judgment on verdict for plaintiff.

Nathaniel B. Spalding and Henry V. Borst, both of Schenectady, for plaintiff.

R. J. Cooper, of Schenectady, for defendant.

VAN KIRK, J.   This action was brought to recover damages for fraudulent representations in the sale by defendant to plaintiff of a coal and ice business, with certain personal property connected therewith, in Schenectady.   The verdict of the jury was taken, subject to the opinion of the court as to the question presented by defendant's motion, as follows: The defendant moved to dismiss the complaint on the ground that the plaintiff had elected to rescind the contract, and that therefore he could not maintain this action, which is based upon the contract.   The plaintiff served a summons without a complaint.   At the same time with the summons he served a typewritten statement, signed by him, in which in substance he stated that he rescinded the contract, that he offered to restore to the plaintiff all of the personal property purchased by him, reciting the same as in the bill of sale at the time of the purchase, and demanded that the defendant pay to him the purchase price.   The defendant has pleaded this paper as a rescission of the contract.

[1] Misrepresentation by one party of a fact essentially entering into the inducement upon which the other party enters a contract is a ground on which the latter may avoid or rescind a contract.   6

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

English Ruling Cases, 746. There was no reservation in the contract of a right to rescind; and the plaintiff's right to rescind depended upon the existence of false representations, made by the defendant to him, which induced him to purchase. The defendant made no reply to the paper so served upon him. At the time the complaint herein was served, the defendant was in no different position than that in which he would have been had the paper not been served. He has taken no action relying thereon, and is in no wise prejudiced by the service thereof.

[2] The plaintiff, if false representations were made, which induced him to purchase, had a right to elect his remedy, either to rescind the contract and bring an action to recover the purchase money, or bring an action to rescind, or to prosecute an action for damages. Vail v. Reynolds, 118 N. Y. 297, 302, 23 N. E. 301.

[3] The service of the said paper or notice was not an election which was binding on the plaintiff. In order that the election should be binding, the party must have manifested his election by an unequivocal act, done with the necessary amount of knowledge as to his rights. 10 English Ruling Cases, 351.

In my judgment, the paper or notice served was a tender or offer and demand, which must either have been acted upon by the defendant, or have been followed by some further act upon the part of the plaintiff, before it was an election binding upon him. It was not such an unequivocal act as constitutes a binding election. When he served his complaint, he was at liberty to serve a complaint demanding relief as he should then elect.

Motion denied. Enter judgment on verdict.