TRIPLER v. FAIRCHILD.  (No. 704.)

(Supreme Court, Appellate Division, First Department.  April 9, 1915.)

FRAUD ⊚⇒59—ACTIONS—DAMAGES.

In an action for damages for deceit in the sale of corporate stock, plaintiff is entitled only to recover the difference between the value of the stock and what he paid for it.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 60–62, 64; Dec. Dig. ⊚⇒59.]

Appeal from Trial Term, New York County.

Action by Lorenzo E. Tripler against Harry P. Fairchild. From a judgment for plaintiff, and an order denying new trial, defendant appeals. Reversed and remanded.

See, also, 161 App. Div. 925, 146 N. Y. Supp. 1115.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

W. H. Van Steenbergh, of New York City (Alfred H. Holbrook, of New York City, on the brief), for appellant.

Daniel Whitford, of New York City, for respondent.

LAUGHLIN, J.  This is an action to recover damages for deceit. The plaintiff alleged, and presented evidence tending to show, that on or about the 15th day of April, 1910, he was induced by certain false and fraudulent representations to purchase of the defendant 50 shares of the capital stock of Fairchild & Co., a domestic corporation engaged in the manufacture of gold pens, pencils, and other novelties, of which defendant was president and general manager, at their par value of $100 per share.  The alleged misrepresentations were with respect to the value of the fixtures, machinery, good will, and the salary and wages paid, and the earnings and payment of dividends, and the indebtedness of the company.  The evidence adduced in behalf of the plaintiff was controverted, presenting a fair question of fact, upon which the verdict of the jury with respect to the plaintiff's having been induced to purchase the stock by false and fraudulent representations is amply sustained.

The capital stock of the company consisted of 250 shares originally, and was increased by 500 shares, which included the stock purchased by the plaintiff.  The only evidence bearing on the question of damages is that adduced to show the falsity of the representations.  There is no evidence of a definite character with respect to the actual value of the assets of the company.  The learned trial court in the main charge properly instructed the jury in a general way in accordance with the rule of damages prescribed in Vail v. Reynolds, 118 N. Y. 297, 23 N. E. 301, which is that the plaintiff in such case is entitled to recover the difference between the value of the property as it would have been if the representations had been true and as it actually was.  At the close of the charge in chief, the attorney for the defendant requested the court to instruct the jury that, if the plaintiff was entitled to recover,

he could recover only "the difference, if any, between the value of the stock and what he paid for it." The court declined to charge, and an exception was duly taken to the refusal. This request correctly embodied the rule of damages applicable to the case, and stated it more pointedly than the court had already charged. The plaintiff alleged that the assets of the corporation had no value, and that the stock had no value; and plaintiff testified that he tendered the stock back to defendant, and demanded the return of the money paid, and assigned as a reason therefor that the stock was worthless; but the evidence does not show that the assets and stock were without any value, which is the theory on which the case was tried for the plaintiff.

In the circumstances, we are of opinion that the verdict of the jury is to be accounted for on the theory that the jury were under the erroneous impression that the plaintiff, if entitled to recover at all, was entitled to recover back the amount he had paid to the defendant, together with interest thereon, for the form in which they rendered the verdict was $5,000, and interest thereon from the date the money was paid by the plaintiff for the stock. Of course, there might be a recovery in such case of the precise amount paid; but that would be authorized only by evidence clearly showing that, whatever value the stock actually had, it would have been worth more by the amount paid for it if the representations had been true, and that does not satisfactorily appear in the case at bar, and is not the theory on which the case was tried, or on which it is sought to sustain the judgment. The verdict in any event is excessive, and the evidence affords no basis for requiring a stipulation for a reduction thereof.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.