Judgment reversed and new trial ordered. Order to be settled on notice.

---

SOLWIN W. SMITH, Plaintiff, *v.* LOUIS R. SALOMON, Defendant.

First Department, November 8, 1918.

**Fraud — rescission of contract — pleading — complaint — form of action — jurisdiction of City Court of New York.**

Where a lessor, by reason of certain false and fraudulent statements made by the lessee as to his financial responsibility and as to his intent to remove from the leased premises, and in consideration of an acknowledgment of indebtedness by a third person which amounted to a guaranty of part of the rent, entered into a written agreement with the lessee to accept a smaller rental for the remainder of the term, but upon learning of the falsity of the statements claimed to rescind the agreement, but failed to tender back the guaranty and notify the defendant that he elected to rescind, it was held that the lessor's assignee had no cause of action at law for the payment of a month's rent under the original lease, but that his only remedy would be in equity for a rescission of the contract, in which suit equity could give him full relief.

The City Court of New York having no equity jurisdiction, the complaint herein, in connection with the statement of the plaintiff's counsel, showing the above facts, was properly dismissed.

MOTION by the plaintiff, Solwin W. Smith, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance pursuant to an order

of a judge of the City Court of the City of New York, made upon a trial of the issues in said court in December, 1917.

The order was made after the complaint had been dismissed upon the opening.

*Abraham P. Wilkes,* for the motion.

*Valentine Taylor,* opposed.

PAGE, J.:

Upon the pleadings and the opening of plaintiff's counsel the defendant's attorney made a motion to dismiss the complaint on the ground that the action was for the rescission of the contract on the ground of fraud, and for relief under the original contract which had been superseded by the alleged fraudulent contract, and hence was of equitable cognizance and not within the jurisdiction of the City Court. The facts as set forth in the complaint, briefly stated, are, that the plaintiff's assignor and the defendant's assignor entered into an agreement of lease of the premises in the city of New York for a term of ten years at a yearly rental of $11,000; that thereafter the lessee assigned the lease with the consent of the lessor to the defendant and agreed to accept the defendant as tenant; that subsequently the defendant stated and represented to the plaintiff's assignor that the business conducted at the said premises then and for a long period of time was running at a loss; that he, the defendant, did not own and was not interested in the said business and was financially irresponsible; that unless the plaintiff's assignor consented to reduce the rent he would remove from the said premises, would not pay the rent in said agreement stipulated, and that any judgment which the plaintiff's assignor might recover against him would be uncollectible; that the said statements and representations were made by the defendant herein for the purpose of inducing the plaintiff's assignor to enter into an agreement in writing with the defendant herein and one Max Katz, by the terms of which agreement the plaintiff's assignor agreed to accept from the defendant in full for rent of the said premises during the remainder of

the term of said lease, which was three years, the yearly sum of $8,000 payable in equal monthly installments in advance; and then follow the allegations that the statements and representations were false and untrue, and that immediately upon learning the falsity of such statements the plaintiff's assignor elected to rescind the said agreement, and that the said agreement thereupon became and now is rescinded and rendered null and void; then the complaint alleges the failure to pay the rent reserved in the original lease for the month of October, the assignment of the claim to the plaintiff and demands judgment for the October rent.

The answer alleges in the separate defense the transaction in relation to the reduction of the rent and the delivery at the time, and as a part of the consideration, of an acknowledgment of indebtedness by one Max Katz to the plaintiff's assignor to the extent of $6,000. In the opening plaintiff's counsel stated these facts and also that the agreement of Katz was a guaranty of $2,000 of the rent, and that subsequently the defendant attempted to obtain from the plaintiff's assignor this guaranty, but the plaintiff's assignor refused to deliver it up. It is very clear from these statements that the agreement for the reduced rent, $8,000, was not rescinded because in consideration of the making of the agreement the plaintiff had received a guaranty from Katz, and it would be necessary for him to tender that back and notify the defendant that he elected to rescind. (*Vail* v. *Reynolds,* 118 N. Y. 297.) There has been no tender made of this guaranty.

Where a person has been induced by fraudulent representations to enter into a contract he may retain what he has received and bring an action at law to recover the damages that he has sustained. (*Vail* v. *Reynolds, supra.*)

Although the demand for judgment is for money only, the complaint is not framed on this theory, for such an action is upon an affirmance of the contract, and for the damages caused by the defendant's fraud, while the complaint herein alleges that he has disaffirmed and rescinded the contract.

Judgment is demanded, not for the difference between the amount of the rent under the original lease and that to be paid under the later contract, which would be the measure of the damage, but judgment is asked for the October rent

as specified in the original lease. Under the facts stated in the complaint and counsel's opening, plaintiff clearly had no cause of action at law. The only relief to which he could be entitled would be in equity for a rescission of the contract and in that action equity could give him full relief. The City Court having no equity jurisdiction the complaint was properly dismissed.

The motion for a new trial will, therefore, be denied, with costs.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Exceptions overruled and motion for new trial denied, with costs. Order to be settled on notice.