ALBERT HAESSIG, Appellant, *v.* DURELL GREGORY and Others, Respondents.

First Department, May 27, 1921.

Fraud and deceit — action at law to recover damages based on fraudulent representations by defendants inducing purchase of corporate stock — plaintiff entitled to rescission of contract — proof of damage not required — amount paid recoverable.

In an action at law to recover the amount paid by the plaintiff to the defendants for certain oil stock, on the ground that the sale was induced by the false and fraudulent representations of the defendants which the plaintiff relied on in making the purchase and in paying money therefor, in which the plaintiff alleged that upon the discovery of the fraud he demanded the return to him of the money paid and offered to return the certificates of stock and to repay certain sums paid to him as purported dividends, and that the defendants refused to accept the return of the stock and failed to comply with plaintiff's demand, and that by reason of said facts the plaintiff was " damaged " in the sum for which judgment was demanded which was the amount he paid for the stock, it was error for the court to dismiss the complaint on the ground that the plaintiff failed to prove the difference between what the stock was worth at the time of its purchase and what it would have been worth if the alleged representations had been true.

The fact that the plaintiff alleged that he was " damaged " did not require him to prove damages as a consequence of the alleged fraud or deceit, for the whole scheme of the complaint shows that it was brought for the purpose of recovering as damages the money paid by the plaintiff, and under the circumstances alleged the plaintiff was entitled to a rescission of the contract and to a recovery of the consideration paid.

APPEAL by the plaintiff, Albert Haessig, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 6th day

of April, 1921, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case, and also from an order entered in said clerk's office on the 29th day of March, 1921, denying plaintiff's motion to set aside the dismissal and to go to the jury on certain questions of fact upon the proofs submitted at the trial.

*Benjamin Jaffe* of counsel [*Mervyn Wolff*, attorney], for the appellant.

*Philip C. Samuels* [*Max Lazarus* with him on the brief], for the respondents.

GREENBAUM, J.:

Plaintiff brought this action on the law side of the court to recover the sum of $7,125 paid by him to the defendants for certain oil stock of a company known as the Interstate Petroleum Company, in reliance upon the fraudulent representations of the defendants. These representations were alleged to be that the defendants were financially interested in the said company and " that the said Interstate Petroleum Company owned, free and clear of all encumbrances, hundreds of acres of oil and gas lands in the State of Kentucky and elsewhere; that at least a dozen wells had been actually drilled in the said oil and gas lands owned by the said Interstate Petroleum Company; and that said wells were actually producing oil in large quantities, which were netting the corporation large sums of money, sufficient to warrant the corporation in giving its stockholders monthly dividends of at least one per cent; that the said oil wells were in fact connected with pipe lines, and were thus rendered extremely valuable; and that the stock of the said' Interstate Petroleum Company was valuable stock and was listed in the curb market."

The complaint further alleged the falsity in their entirety of all the representations above set forth; that defendants knew them to be false when made; that plaintiff relied upon such representations in making the purchase and in paying the moneys therefor; that upon the discovery of the fraud he demanded the return to him of the sum of $7,125, which he had paid for the stock and duly offered to return the certificates of the stock to the defendants and to repay the sum which plaintiff had received as purported dividends on the stock,

but which were in fact not dividends; that defendants refused to accept a return of the certificates and so-called dividends and failed to comply with plaintiff's demand and that by reason of the foregoing facts plaintiff was "damaged" in the sum of $7,125, the amount paid by him for the stock.

Upon the trial of the action the plaintiff established all of the allegations of his complaint, and upon the close of his case the defendants moved for a dismissal upon the ground that the plaintiff failed to prove the "difference between what the stock was worth at the time of the purchase and what it would have been worth if the alleged representation were true." The court thereupon dismissed the complaint, to which due exception was taken.

The respondents rely upon the proposition that because the complaint alleged that the plaintiff was "damaged" by reason of the allegations therein in the sum of $7,125, that necessarily meant unliquidated damages, and that the plaintiff having failed to prove damages as a consequence of the alleged fraud or deceit, there can be no recovery. The scheme of the complaint clearly shows that it was brought for the purpose of recovering as damages the moneys paid by the plaintiff, induced by the fraudulent representations of the defendants.

The proofs most conclusively establish that the fraudulent representations were of such a character that the stock was practically worthless and that the damages suffered by the plaintiff were very considerable. Plaintiff, therefore, was entitled to a rescission of the contract.

It is only necessary to cite *Vail* v. *Reynolds* (118 N. Y. 297) and *Heckscher* v. *Edenborn* (203 id. 210) in support of the rule that one who has been induced by fraudulent representations to purchase property "may rescind the contract absolutely and sue in an action at law to recover the consideration parted with upon the fraudulent contract."

The judgment and order appealed from are reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.