NATHAN STURTZ, Respondent, v. TITLE GUARANTEE AND TRUST COMPANY, Appellant.— The plaintiff purchased mortgage certificates of the defendant by reason, as he alleges, of false representations made concerning them which he later discovered. Only one year's interest was paid. Before bringing suit he offered to return the certificates and the benefits he had received thereunder if the defendant would return his money. This offer was refused, and there was no formal tender of restitution. He brought this action for rescission of the contract, offering in the complaint a return of the certificates and the benefits he had received. After joinder of issue the cause was placed on the Special Term calendar and had reached the Ready calendar, when defendant asked for continuances on the ground that a material witness was ill. On the second motion the case was struck off the calendar, with leave to apply on notice for restoration. The parties then entered into a stipulation that it be restored to the Special Term calendar on a date mentioned. It was not restored at that time, for the plaintiff was awaiting the determination of other cases of a similar nature in appellate courts. Two years later the plaintiff moved to restore the case to the calendar, and the defendant later moved to strike the case from the Special Term calendar and place it on the Trial Term calendar. The motion of the plaintiff was granted and that of the defendant denied. On the trial the plaintiff had judgment for rescission, together with a return of the purchase price, with a reduction for the benefits received. The only questions raised on appeal are that the case should have been tried by a jury and that the action was one at law. Judgment and orders unanimously affirmed, with costs. The action was for the rescission of a contract

induced by fraud, and there had been no tender or attempt to return the certificates prior to the commencement of the action, to lay the foundation for an action at law for damages. (*Vail* v. *Reynolds*, 118 N. Y. 297, and *E. T. C. Corp.* v. *Title Guarantee & Trust Co.*, 271 id. 124.) The defendant acquiesced in this theory and made no claim otherwise until the motion was made to place the case on the calendar and a trial was impending. Finding of fact numbered " Thirty-fourth " is modified by striking therefrom the words, " and tendered the return of the three certificates, together with all benefits derived by plaintiff thereunder." No such tender was made. The plaintiff made an offer in the nature of a statement of his claim before action brought, but never completed this offer by actual tender or attempted restitution. Present — Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ.