Louis B. Heller, J.
In a rescission action, defendants move to dismiss the complaint for insufficiency (Bules Civ. Prac., rule 106).
The complaint alleges an agreement to purchase stock. In consideration for the purchase of, and the payment for, 5,000 shares of common stock of a designated corporation, the defendants, allegedly underwriters for the public offering of such stock, agreed in writing ‘ ‘ to deliver to ’ ’ the plaintiff an additional 500 shares if the plaintiff “ does not sell or transfer any of said 5,000 shares within ninety (90) days from date hereof.” And the writing further provides that in the event the plaintiff “ should sell or transfer any of its shares purchased by it this day, consisting of 5,000 shares, then the [defendants are] not obligated to turn over and deliver * * * said five hundred (500) additional shares.” The complaint alleges that said written agreement was executed and delivered to the plaintiff to induce it to purchase the stock. The complaint, which was apparently served after the expiration of the 90-day period specified, alleges that the defendants breached their agreement by failing to deliver the additional 500 shares, though defendant did not dispose of and is still the owner of the 5,000 original shares.
On a motion of this type the court accepts “ as true the | material allegations of fact contained in the complaint and any reasonable inference that may be drawn therefrom ’ ’. (Garvin v. Garvin, 306 N. Y. 118, 120.)
There is no dispute herein regarding the principles of law applicable in rescission cases. The right to rescind “usually depends on the circumstances of the particular case. It is permitted for * * * fraud in making the contract, * * * and for such a breach as substantially defeats its purpose. # * * [In the case of] a breach going to the root of the contract, unless the damages can be ascertained with reasonable certainty, rescission is a matter of right, with restitution instead of compensation.” (Gallanan v. Keeseville, Ausable Chasm & *341 Lake Champlain R. R. Co., 199 N. Y. 268, 284; see, also, Key v. National Life Ins. Co., 107 Iowa 446.)
It is the court’s opinion that the facts stated in the complaint are sufficient to constitute a cause of action.
The substantive importance of the 500-share agreement in relationship to the entire contract, or whether it was an independent or collateral arrangement as claimed by defendants, is fixed by the intention of the parties when making the contract. (See Clark v. West, 137 App. Div. 23, 28, affd. 201 N. Y. 569; see Lauer v. Raymond, 190 App. Div. 319, 326.)
Upon the occurrence of a substantial breach plaintiff had an election of three remedies. (See Vail v. Reynolds, 118 N. Y. 297, 302.) Plaintiff chose to institute this action in equity “ for a rescission, and it is sufficient therefore for the plaintiff to offer in his complaint to return what he has received and make tender of it on the trial.” (Vail v. Reynolds, supra, p. 302.) As noted in the Vail case (p. 302) plaintiff could have elected instead to (1) “ rescind the contract absolutely and sue in an action at law to recover the consideration ” paid, after an offer to restore, or (2) to retain what it had “ received and bring an action at law to recover the damages sustained.”
Defendants’ other argument, that the 500-share agreement is independent and collateral to the 5,000-share purchase, requiring allegations in the complaint of a demand for delivery and limiting plaintiff to recover the value of the shares on the date of breach, is based upon a conclusion, which is determinable upon a trial. Motion denied.