Steven John SLOTKIN, an infant by his father and natural guardian Bert Slotkin, and Bert Slotkin, Plaintiffs,

v.

BROOKDALE HOSPITAL CENTER et al., Defendants.

No. 71 Civ. 4044.

United States District Court, S. D. New York.

June 20, 1972.

Zale & Toberoff, New York City, for plaintiffs.

Granki, Garson, Silverman & Nowicki, New City, N. Y., Attorneys for Benjamin R. Schenck (Supt. of Insurance, state of N. Y.).

MOTLEY, District Judge.

### Memorandum Opinion and Order

This is a diversity action for damages for fraud and misrepresentation. One of the defendants, Citizens Casualty Company (Citizens), moves by its liquidator, Benjamin R. Schenck, Superintendent of Insurance of the State of New York, to dismiss the action against it.

The facts alleged in the complaint, which are of some importance to this motion, are as follows. Plaintiffs several years ago instituted a malpractice suit against Beth-El Hospital a/k/a Brookdale Hospital Center in New York State Supreme Court, Kings County. The trial, before a jury, began on February 25, 1971. During the course of the trial there were settlement negotiations in which certain individuals represented Citizens. These persons, plaintiffs charge, represented that Brookdale Hospital had $200,000 in insurance coverage from Citizens and other (reinsurance) companies, and that this was the total amount of malpractice insurance

protecting Brookdale in plaintiffs' case. Plaintiffs, in reliance on the truth of these representations agreed to settle the case for $185,000, and the trial was terminated after plaintiffs had completed their direct case. A stipulation of settlement was read into the record on March 4, 1971.

Sometime soon after that date plaintiffs learned that Brookdale had an additional policy of $1,000,000. Nevertheless, they chose not to rescind the stipulation and instead presented a compromise order to the trial judge, which he signed, settling the case for $185,000. At that time plaintiffs specifically reserved their right to sue Citizens, its agents, and others for fraud, and have done so in this case.

■ Defendant now moves to dismiss the complaint for failure to state a claim upon which relief can be granted. The gist of defendant's position is that plaintiffs knew the actual amount of insurance available before they signed the compromise order and presented it to the judge for his approval, and therefore could not have relied on any representations of a $200,000 maximum insurance pool.

■ Defendants miss the point of plaintiffs' claim. Plaintiffs contend that the settlement *stipulation*, made before they knew of the additonal insurance, was the contract that was induced by defendants' misrepresentations. As a result of the stipulation plaintiffs terminated the trial without a verdict. It has long been the law in New York that one who has been fraudulently induced to enter into an agreement may affirm the agreement, retaining whatever benefits he has obtained, and still maintain an action for damages. Strong v. Strong, 102 N.Y. 69, 5 N.E. 799 (1886); Vail v. Reynolds, 118 N.Y. 297, 23 N.E. 301 (1890); Smith v. Saloman, 184 App.Div. 544, 172 N.Y.S. 515 (1st Dept. 1918); Byrnes v. National Union Ins. Co., 34 App.Div.2d 872, 310 N.Y.S.2d 781 (3d Dept. 1970). See also 12 Williston on Contracts §§ 1523, 1524 (3d ed. 1970).

In fact in Strong v. Strong, *supra,* the New York Court of Appeals specifically approved the right to recover damages for fraud in the inducement of a claim settlement without the prior rescission of the settlement. See also Byrnes v. National Union Ins. Co., *supra,* and cases cited therein.

On the allegations of this complaint plaintiffs may be able to show that defendants' fraud was a proximate cause of damage to them. For example, plaintiffs may be able to prove that, because of the passage of time, the unavailability of witnesses and the defendants preview of their direct case, their likelihood of success on a second trial would have been less than it would have been at the first trial if it had gone to a verdict and less than the amount of the stipulation. We certainly cannot say that there is no possibility plaintiffs will prove they were damaged.

Defendant also moves to dismiss on the ground that the instant action is stayed by an order of the Supreme Court of the State of New York. As mentioned above, on June 17, 1971 Citizens was liquidated. Pursuant to Insurance Law § 528 (McKinney's 1966) the court on that date enjoined all persons from prosecuting any action against the corporation.

■ This injunction would require our dismissal of the instant proceeding only if the state court requires exclusive jurisdiction to protect the *res*—the corporate assets. Thus, if two suits are *in rem* or *quasi in rem,* the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other in order "to avoid unseemly and disastrous conflicts in the administration of our dual judicial system. . . ." Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935). But two actions may proceed simultaneously where one is *in rem* and the other is *in personam.* "[W]here the state court has control of the administration of . . . [an] estate, an action *in personam* may be in-

stituted in the federal court . . . to establish the validity and amount of a claim against the estate, since the federal court's action in no way interferes with the state court's control of the *res*." 1A Moore's Federal Practice 2607 (2d Ed. 1965); Riehle v. Margolies, 279 U. S. 218, 224, 49 S.Ct. 310, 73 L.Ed. 669 (1929). See also Barrett v. International Underwriters, Inc., 346 F.2d 345 (7th Cir. 1965); Dempsey v. Pink, 92 F.2d 572 (2d Cir. 1937). Here plaintiffs seek to establish Citizens' *in personam* liability for its allegedly fraudulent acts. This cause of action, to decide a claim against funds being administered by the State court, in no way interferes with the State's custody or control of the *res*.

We therefore hold that the State Court injunction issued in aid of the liquidation proceeding does not bar this action, and that this court has jurisdiction.

Motion denied.

So ordered.