ROBERT WEIGEL et al., Respondents, v. LESLIE COOK
et al., Appellants.

Real property — action to rescind purchase of land induced
by fraud and misrepresentation of vendors — when plaintiffs
entitled to judgment for return of purchase money paid and
for discharge and cancellation of securities given for part of
purchase price — when use of property after discovery of fraud
not a waiver of plaintiff's rights or an election to ratify the
contract.

1. A person who has been induced by fraudulent representations to
become the purchaser of property has, upon discovery of the fraud,
three remedies open to him, any of which he may elect. He may
rescind the contract absolutely and sue in an action at law to recover
the consideration parted with upon the fraudulent contract. He
may bring an action in equity to rescind the contract and in that action
have full relief. Such an action is not founded upon a rescission, but
is maintained for a rescission, and it is sufficient, therefore, for the
plaintiff to offer in his complaint to return what he has received and
make a tender of it on the trial. Lastly, he may retain what he has
received and bring an action at law to recover the damages sustained.
A buyer cannot, however, recover both damages and purchase price
when a case has been tried on the basis of rescission.

2. The doctrine of election is one of substance and not of mere words.
Using a property sold under misrepresentations made by the vendor
may or may not be a ratification of the contract according to circum-
stances. When it appears that the acts performed are inconsistent
with the claim of repudiation, then, and then only, can there be an
election to confirm and adopt the contract. A particular act for which
an authority may be cited as indicating an adoption of a contract
may, under other circumstances, have no such force and effect.

3. Plaintiffs purchased from defendants land upon which are two
springs which defendants represented to be springs of natural mineral
waters, which had been bottled and sold as they flowed from the ground.
Defendants also represented that the daily natural flow of water from
each spring was a specified number of gallons. After plaintiffs had
entered into possession of the property and installed additional
machinery for bottling and shipping such mineral waters, it was dis-
covered that the waters were not natural mineral waters but fresh
waters from fresh water springs with the addition of certain chemicals
and that the flow of water was much less than it was represented to

be. Thereafter this action was commenced to rescind the purchase and for the cancellation and discharge of the securities given as part of the purchase price. Under the circumstances the plaintiffs are entitled to the return of their purchase money, which was paid in cash, with interest thereon from the date of payment and, also, to the cancellation of the securities given for the balance of the purchase price.

4. The fact that plaintiffs remained in possession and actual use of the property and continued bottling of water and performed other acts of ownership until about three months after the beginning of this action, does not, under the circumstances, operate as a ratification of the contract or as a waiver of their right to rescind. The fact that plaintiffs, after bringing the action for rescission and before judgment, made some use of the property is not fatal to their suit, as a matter of law, especially where, as in this case, such use consisted of such slight and trivial acts in comparison with the large subject-matter of the transaction as did not amount to an election and a confirmation of the contract as a matter of law.

5. The trial court, in addition to returning to plaintiffs the cash paid upon the purchase price and canceling the securities given for the balance, awarded items in the way of damages, which included general expenses in the operation and installation of machinery, cost of new machinery and labor. This award of damages was erroneous. The plaintiffs brought an action for rescission; they did not retain what they had received and bring the action at law to recover the damages sustained.

*Weigel* v. *Cook*, 206 App. Div. 727, modified and affirmed.

(Argued October 16, 1923; decided November 27, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 17, 1923, modifying and affirming as modified a judgment in favor of plaintiffs entered upon a decision of the court at a Trial Term after the submission of certain questions to a jury.

*A. F. Walsh* for appellants. Plaintiffs attempted to rescind purchase only in part. This they could not do for they must rescind in toto or not at all. (*Duff* v. *Hutchinson*, 57 Hun, 152; *Vail* v. *Reynolds*, 118 N. Y. 302; *Cox.* v. *Stokes*, 156 N. Y. 507; *Walrath* v. *Hanover F.*

*Ins. Co.,* 216 N. Y. 225; *Gettins* v. *Boyle,* 184 App. Div. 501; *Mc Naught* v. *Eq. L. A. Society,* 136 App. Div. 774; *Merry Ruling Co.* v. *Shamokin,* 230 N. Y. 316; *Yeomans* v. *Bell,* 151 N. Y. 230; *Maass* v. *Rosenthal,* 125 App. Div. 452.) Plaintiffs not only did not seek a rescission of the purchase of the personal property, but after the suit was begun they ratified the sale of all the property both real and personal. (*Cobb* v. *Hatfield,* 46 N. Y. 536; *Schiffer* v. *Dietz,* 83 N. Y. 300; *Strong* v. *Strong,* 102 N. Y. 69; *Myers* v. *King,* 48 Hun, 106; *Mc Naught* v. *Equitable, etc.,* 136 App. Div. 774; *Davis* v. *Gifford,* 182 App. Div. 99.)

*Nash Rockwood, Harry P. Pendrick* and *Carl L. Mc-Mahon* for respondents. The Appellate Division having twice unanimously affirmed the findings of the trial court, this court is limited in its review. (Code Civ. Pro. § 191; Civ. Prac. Act, § 589; *Harroun* v. *Brush El. Co.,* 152 N. Y. 212; *Weigel* v. *Cook,* 193 App. Div. 520; *People* v. *Bingham,* 205 N. Y. 168; *McDonnell* v. *N. Y. C. R. R. Co.,* 159 N. Y. 524.) Plaintiffs did not seek to rescind the sale in part but in toto, and the same was rescinded in toto by the decision and judgment herein. (*Davis* v. *Rosenweig,* 192 N. Y. 128.)

CRANE, J. The findings of fact in this case have been unanimously affirmed so that in reviewing it we cannot look beyond the findings and those made at the request of the appellants. The findings disclose that in the month of January, 1919, the defendant Leslie Cook was the owner in fee of certain real estate consisting of about five acres of land, together with the buildings thereon, situate in the town of Wilton, Saratoga county, New York. On the premises were two certain springs or wells of mineral water known as the Gurn and Crystal Rock springs, together with certain machinery owned by said Cook connected with same.

Leslie Cook sold the premises including the springs,

buildings and personal property to the plaintiffs for the sum of $15,000 representing that the waters were natural mineral waters and were bottled and sold as they flowed from the ground. He also stated and represented to the plaintiffs that the daily natural flow of water in the Gurn spring was 1,200 gallons and from the Crystal Rock spring 3,000 gallons available for bottling purposes.

The trial court found that these representations were false and fraudulent and made with intent to deceive and gave judgment for rescission and the restoration of the purchase price together with the damages sustained by the plaintiffs.

The Appellate Division by consent of the parties modified the judgment by a certain reduction and the elimination of Margaret E. Cook as a party defendant. The costs recovered against Margaret E. Cook, the wife of the defendant, are also to be taken from the judgment.

In this court the defendant has challenged the correctness of the judgment, claiming that by reason of certain findings made by request in his favor there could be no rescission as the purchaser had finally accepted the property and ratified the contract.

After the plaintiffs had entered into possession of the premises they purchased and installed modern machinery and apparatus at considerable expense suitable for the bottling and distribution of said mineral waters in the amount which said Cook had represented would be the natural product of the springs.

After the plaintiffs had bottled and attempted to sell to the public it was discovered that the water was not a natural mineral water, but fresh water from fresh springs with the addition of certain chemicals. The flow did not exceed one hundred and sixty gallons.

On the 9th of June, 1919, this action was commenced to rescind the purchase and for the cancellation and discharge of the securities given as part of the purchase price.

At the request of the defendant, the appellant here, the court found that the plaintiffs began bottling and selling water from the springs in January, 1919, and continued the same until September, 1919; that until the works were destroyed by fire on the 22d of September, 1919, the plaintiffs continued in the actual use of all the property; that after this suit was begun they expended in the repair of the Acme truck, part of the personal property conveyed, the sum of $210, and after its damage by fire the sum of $100; and that in the next year they took out a license for the truck in their own names. The court also found that after the commencement of this action the plaintiffs installed new machinery on this property and purchased lumber to build a garage.

From these findings the appellant insists that the plaintiffs had elected to retain the property and affirm the contract; that these acts of ownership were inconsistent with the claim of rescission.

We take it that the doctrine of election is one of substance and not of mere words. Using the property may or may not be a ratification of the contract according to the circumstances. When it appears that the acts performed are inconsistent with the claim of repudiation, then, and then only, can there be an election to confirm and adopt the contract. A particular act for which an authority may be cited as indicating an adoption of a contract may under other circumstances have no such force and effect.

We must consider in this case the nature of the property. The water flowed from springs underneath the ground. Its quantity was uncertain. Defects, as well as fraud, could only be discovered by continued use as well as patient waiting. The plaintiffs from January to June attempted to make good their purchase and the defendants' representations. When they finally discovered that this was impossible they brought this action for a rescission. They did not rescind and tender back the property.

They brought action for rescission and offered in the pleadings to return the property. When the issues came on for trial the court had before it the entire transaction, including both the real and personal property conveyed, and the facts regarding the use which had been made of both. The fact that the plaintiffs after bringing the action *for* rescission and before judgment made some use of the property was not fatal to their suit as a matter of law. Bottling water for two months after the bringing of the action and the repair of the automobile were such slight and trivial acts in comparison with the large subject-matter of the transaction as did not amount to an election and a confirmation of the contract as a matter of law.

With this part of the case we find no fault.

We do think, however, that there has been an error in the assessment of damages. The court not only returned to the plaintiffs the cash paid upon the purchase price and canceled the securities given for the balance, but also awarded items in the way of damages which included general expenses in the operation and installation of machinery, cost of new machinery purchased and for labor paid. To this finding the defendants duly excepted.

In this respect the judgment is wrong. The plaintiffs on discovering the fraud could do one of three things. "A person who has been induced by fraudulent representations to become the purchaser of property has, upon discovery of the fraud three remedies open to him, either of which he may elect. He may rescind the contract absolutely and sue in an action at law to recover the consideration parted with upon the fraudulent contract. * * * He may bring an action in equity to rescind the contract and in that action have full relief. (*Allerton v. Allerton,* 50 N. Y. 670.) Such an action is not founded upon a rescission, but is maintained *for* a rescission, and it is sufficient, therefore, for the plaintiff to offer in his complaint to return what he has received and make a tender of it on the trial. Lastly, he may retain what he

has received and bring an action at law to recover the damages sustained." (*Vail* v. *Reynolds*, 118 N. Y. 297, 302; *Davis* v. *Rosenzweig Realty Co.*, 192 N. Y. 128, 134.)

A buyer cannot, however, recover both damages and purchase price when a case has been tried on the basis of rescission. (*Houser & Haines Mfg. Co.* v. *McKay*, 53 Wash. 337; *Park* v. *Richardson & Boynton Co.*, 81 Wis. 399; Williston on Sales, sec. 612; *Gilmore* v. *Williams*, 162 Mass. 351; *Gerli* v. *Mistletoe Silk Mills*, 80 N. J. L. 128; 23 Harvard Law Review, 141.)

The judgment to which the plaintiffs were, therefore, entitled upon the findings in this case was for the return of their $5,000 purchase money paid in cash with interest thereon from the date of payment and the cancellation of the securities given for the balance.

The judgment of the Appellate Division must, therefore, be modified by deducting the sum of $4,365.46, the items making up the damage over and above the purchase price allowed to the plaintiffs, and as thus modified affirmed, with costs to appellants.

Hogan, Cardozo, Pound and Andrews, JJ., concur; Hiscock, Ch. J., concurs in result; McLaughlin, J., dissents and votes to reverse.

Judgment accordingly.