JOHN BERG INC., Plaintiff, *v.* ASSOCIATED SPINNERS INC., Defendant.

City Court of the City of New York, Special Term, New York County, June 25, 1951.

*I. Jonas Speciner* and *Julius M. Arnstein* for defendant.

*Samuel Thierman* for plaintiff.

SCHIMMEL, J. This is a motion under subdivision 2 of rule 106 of the Rules of Civil Practice to dismiss a complaint upon the ground that the court has not jurisdiction of the subject of the action.

It is alleged in the complaint that plaintiff and defendant entered into an agreement for the sale of merchandise at a stipulated price; that the merchandise was delivered to the plaintiff; that within a reasonable time after such delivery the plaintiff examined the goods " and ascertained that they were not of the kind which defendant had agreed to deliver "; that " plaintiff thereupon elected to rescind the said sale and notified defendant of its election so to rescind the said sale, and then and there offered to return said goods to the defendant "; but that the defendant failed to repay to plaintiff the purchase price which it had received. Two causes of action are stated in the complaint, but they are substantially the same in substance though relating to different orders.

The causes of action thus pleaded in the complaint are not equitable suits *for* rescission; they are actions at law for moneys had and received based *upon* a rescission, and of such a cause of action the City Court of the City of New York undoubtedly has jurisdiction, the supporting authorities being numerous and conclusive.

Essentially, the present complaint is based upon the remedy provided in paragraph (d) of subdivision 1 of section 150 of the Personal Property Law. The buyer (the plaintiff here) has offered to return the goods to the seller (the defendant here) and is therefore entitled, if the allegations of the complaint be true, to recover the price already paid by it and also such further damages as it may be able to show. Moreover, under subdivision 5 of section 150 of the Personal Property Law the buyer may, although he has elected to rescind the sale, retain the goods in his possession " as bailee for the seller, but subject to a lien to secure the repayment of any portion of the price which has been paid ".

Subdivision 4 of section 150 of the Personal Property Law is also significant. It provides: " Where the buyer is entitled to rescind the sale and elects to do so, the buyer shall cease to be liable for the price upon returning or offering to return the

goods. If the price or any part thereof has already been paid, the seller shall be liable to repay so much thereof as has been paid, concurrently with the return of the goods, or immediately after an offer to return the goods in exchange for repayment of the price." This is the situation here, as pleaded in the complaint. The buyer offered to return the goods and the seller thereupon and by reason of such offer became liable to repay to the buyer so much of the purchase price, here all of it, as had been paid by the buyer. This liability is a legal liability and no decree in equity is required to enforce it.

In *Weigel* v. *Cook* (237 N. Y. 136, 141–142) the court pointed out, quoting from the leading case of *Vail* v. *Reynolds* (118 N. Y. 297, 302) that a person who has been induced by fraudulent representations to become the purchaser of property has three remedies open to him and may elect any one of them; that he may either rescind the contract absolutely and sue in an action at law to recover the consideration parted with upon the fraudulent contract, or he may bring an action in equity to rescind the contract, or he may retain what he has received and sue at law for damages. It was there pointed out, the court quoting from the *Vail* case (*supra*) that there is a distinction between an action " ' founded *upon* a rescission ' " (italics supplied) and one which " ' is maintained *for* a rescission ' ".

The case in hand is of course " founded upon a rescission " and is not " for a rescission " inasmuch as the plaintiff has (according to the allegations of its complaint) done all that was required of it by the provisions of section 150 of the Personal Property Law to effectuate a rescission. Thus, if the allegations of the complaint be accepted as true, and on this motion they must be, rescission has already been effected, so that nothing remains but for the defendant to return the purchase price, and the plaintiff is entitled to recover it in an action at law.

As was said in *Vail* v. *Reynolds* (*supra,* p. 302): " A person who has been induced by fraudulent representations to become the purchaser of property, has upon discovery of the fraud three remedies open to him, either of which he may elect. He may rescind the contract absolutely and sue in an action at law to recover the consideration parted with upon the fraudulent contract. To maintain such action he must first restore, or offer to restore, to the other party whatever may have been received by him by virtue of the contract." (Citing cases.)

In *Goldsmith* v. *National Container Corp.* (287 N. Y. 438), the court stated: " It is settled law that where, as alleged by

the present plaintiff, a person has parted with something of value as a result of a contract induced by fraud, he may pursue one of three remedies: ' He may rescind the contract absolutely and sue in an action at law to recover the consideration parted with upon the fraudulent contract. To maintain such action he must first restore, or offer to restore, to the other party whatever may have been received by him by virtue of the contract. * * * He may bring an action in equity to rescind the contract and in that action have full relief. * * * Such an action is not founded upon a rescission, but is maintained *for* a rescission, and it is sufficient therefore for the plaintiff to offer in his complaint to return what he has received and make tender of it on the trial. Lastly, *he may retain what he has received and bring an action at law to recover the damages sustained.* This action proceeds upon an affirmance of the contract. * * * ' (*Vail* v. *Reynolds,* 118 N. Y. 297, 302; *Gould* v. *Cayuga County Nat. Bank,* 99 N. Y. 333, 337; *Sager* v. *Friedman,* 270 N. Y. 472, 479. See 5 Williston on The Law of Contracts [rev. ed.], § 1523, pp. 4264, 4265.)'' (Pp. 442–443.)

The distinction between suits in equity for rescission and causes of action at law for moneys had and received founded upon a rescission which has taken place, is succinctly stated in *Gilbert* v. *Rothschild* (280 N. Y. 66, 73) as follows: '' Where the cause of action is *founded upon rescission,* the payment or tender must be made before commencement of the action; *if for a rescission,* it will be sufficient to offer in the complaint to return the amount received and make tender on the trial (*Vail* v. *Reynolds,* 118 N. Y. 297, 302).'' (Emphasis in the original.)

A clear discussion of the distinction between actions at law based *upon* effective rescission, which is the case here, and suits in equity *for* a rescission, is to be found in Carmody on New York Practice (Vol. 3, § 963, pp. 1979–1980) as follows:

'' An action for the rescission of a contract will lie only where there is no adequate remedy at law, and where the rescission is essential to the suitor's protection. This necessity may arise, in the case of a transaction affecting **real** property, from the fact that the transaction, if left apparently outstanding, would affect the title to real property. It may arise where the defrauded party has become induced to become a stockholder in a corporation, so that there is need, not merely to recover what was paid for the shares, but also to sever relations with other stockholders and creditors.

" In the case of a sale or purchase of personal property, a defrauded person ordinarily has an adequate remedy at law, for he may bring an action at law to recover the damages sustained, or he may rescind the contract absolutely and sue in an action at law for money had and received to recover the consideration parted with upon the fraudulent contract."

Thus, if the plaintiff in the case at bar were to sue in equity it would find itself nonsuited because it has an adequate remedy at law. If it takes the position, as it does, that it did all that was required of it by the provisions of section 150 of the Personal Property Law to effect a rescission, its sole remedy is to recover a money judgment. As such remedy at law is adequate, no suit in equity will lie. To dismiss the present complaint would therefore leave the plaintiff remediless. Actions for money had and received are founded on equitable principles, but they are of course, actions at law. (*Roberts* v. *Ely,* 113 N. Y. 128; *Schank* v. *Schuchman,* 212 N. Y. 352.)

I have thought it necessary to write at length here because of the defendant's reliance upon two recent decisions of the Appellate Term of the Supreme Court, First Department, to wit: *California Sportswear* v. *Drucker* (103 N. Y. S. 2d 238), and *Broder* v. *Amhurst Fabrics* (105 N. Y. S. 2d 154).

In the *California Sportswear* case (*supra*) the Appellate Term referred to a cause of action " for rescission" and treated the case as such. It may be that the particular facts of that case, as developed at the trial, warranted the conclusion that the plaintiff had failed to prove that there had been a rescission accompanied by a proper and seasonable offer on his part to return the merchandise to the seller, but the case should not be regarded as a precedent for dismissing the present complaint, the allegations of which show that a rescission was effected in accordance with the provisions of section 150 of the Personal Property Law.

In *Smith* v. *Salomon* (184 App. Div. 544, 546), relied upon by the Appellate Term in deciding both the *California Sportswear* case (*supra*) and the *Broder* case (*supra*), the plaintiff was unable to prove that there had been a rescission. It was said in the *Smith* case: " It is very clear from these statements that the agreement for the reduced rent, $8,000, was not rescinded because in consideration of the making of the agreement the plaintiff had received a guaranty from Katz, *and it would be necessary for him to tender that back and notify the defendant that he elected to rescind. (Vail* v. *Reynolds.*

118 N. Y. 297.) *There has been no tender made of this guaranty."* (Emphasis supplied.) In the *Smith* case (*supra*) the plaintiff had not effected a rescission. He had not even attempted to rescind, because *he had not tendered back the consideration* which he had received. In that circumstance, clearly he had no action at law and was obliged to sue in equity for rescission. He had not put himself in the position to maintain an action at law because he had not complied with the necessary condition precedent to the bringing of such an action to wit, a tender back of the benefits he had received. The plaintiff in the case at bar has (according to its complaint) made such a tender.

In *Broder* v. *Amhurst Fabrics* (*supra*), the Appellate Term again, in its memorandum opinion, referred to a cause of action *for* rescission and so described the case and said: " Plaintiff on the law and the facts failed to prove a cause of action for rescission ". Like the *California Sportswear* case, the *Broder* case involved an appeal from a judgment rendered after trial, and it may be supposed that the plaintiff had failed to prove facts establishing a rescission in accordance with section 150 of the Personal Property Law.

If the *California Sportswear* case and the *Broder* case are to be construed in accordance with the contentions of defendant here, and I do not find it necessary to so construe them, I must nevertheless adhere to the plain words of section 150 of the Personal Property Law and to authoritative decisions by which, as hereinabove demonstrated, the law has been determined and settled.

The motion to dismiss the complaint for lack of jurisdiction is denied.