Joseph M. WHELAN, t/a Cecil's Bakery, Appellant,

v.

Sydney HIRSHON, Appellee.

No. 12680.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 1, 1955.

Decided March 1, 1956.

Petition for Rehearing Denied
March 1, 1956.

Mr. Bartholomew B. Coyne, Washington, D. C., for appellant.

Mr. Mark P. Friedlander, Washington, D. C., for appellee.

Before EDGERTON, Chief Judge, and BAZELON and FAHY, Circuit Judges.

PER CURIAM.

On a trial involving transactions looking to the sale by the defendant to the plaintiff of a bakery and luncheonette, plaintiff recovered judgment in the Municipal Court for the District of Columbia in the sum of $2,990 as damages resulting from the fraudulent misrepresentations of defendant. This was the amount for which plaintiff had sued. But the contract signed by the parties called for the payment by plaintiff of amounts considerably in excess of $3,000, and his complaint included a prayer for its rescission. The jurisdictional problem thus suggested by the pleadings,[1] however, was not raised by defendant in the trial court.

On appeal the Municipal Court of Appeals initially modified the judgment by reducing it to $1,750 and affirmed it as so modified. Hirshon v. Whelan, D.C.Mun. App., 113 A.2d 484. On rehearing, however, the Municipal Court of Appeals considered, for the first time, the question of jurisdiction. It reversed and remanded the case to the Municipal Court to be dismissed for lack of jurisdiction. Id. at pages 486–487. We allowed an appeal to this court. See § 11–773, D.C. Code 1951.

Since defendant did not raise the jurisdictional question until after the trial and judgment in the Municipal Court, and since the claim asserted in the complaint was ambiguous, we think its extent should be determined in the light of the evidence and proceedings. In terms the complaint prayed for rescission, but it also stated that the amount involved was less than $3,000, and alleged facts indicating that plaintiff had already exercised his claimed right to rescind by offering to return the property to defendant if the defendant would return plaintiff to his status quo.

The Municipal Court in a Memorandum Opinion made a finding, "Contract * * * rescinded"; but the judgment itself contained no adjudication with respect to rescission, being only a money judgment for $2,990, with interest from date of judgment and costs. Thus in the end the claim actually asserted was considered, and we so construe it, as one after a rescission for damages within the jurisdictional limits of the Municipal

1. See § 11–755(a), D.C.Code 1951, which limits the civil jurisdiction of the Municipal Court in such cases to actions "in which the claimed value of personal property or the debt or damages claimed" does not exceed $3,000.

Court, and not a suit in equity for a rescission involving more than $3,000. See Weigel v. Cook, 237 N.Y. 136, 141–142, 142 N.E. 444, 446; John Berg, Inc., v. Associated Spinners, 201 Misc. 627, 108 N.Y.S.2d 388. The Municipal Court accordingly had jurisdiction. Goldberg v. Roumel, D.C.Mun.App., 40 A.2d 253, is distinguishable. It was held in that case, properly we think, that the fact that the ultimate judgment might fall below the minimum jurisdictional amount could not relate back to alter a claim for more than the jurisdictional amount asserted in good faith in the pleadings. But the language of the opinion relied upon by the defendant does not refer to the interpretation to be given an ambiguous complaint after the case has been tried and judgment rendered.

The judgment of the Municipal Court of Appeals on rehearing should be reversed and the case remanded to that Court for consideration of any questions left undisposed of on the rehearing.

It is so ordered.