Sydney **HIRSHON**, Appellant,

v.

Joseph M. **WHELAN**, Trading as Cecil's
Bakery, Appellee.

No. 1578.

Municipal Court of Appeals for the
District of Columbia.

Argued March 26, 1956.

Decided April 19, 1956.

———◆———

Mark P. Friedlander, Washington, D. C.,
for appellant.

Bartholomew B. Coyne, Washington, D.
C., for appellee.

Before HOOD, Acting Chief Judge,
QUINN, Associate Judge, and CAYTON
(Chief Judge, Retired), sitting by designation under Code, § 11–776(b).

HOOD, Acting Chief Judge.

This case has a long and rather unusual history. It was commenced in the Municipal Court on February 5, 1954, and resulted in a judgment, entered August 23, 1954, in plaintiff's favor for $2,990. An appeal was taken to this court and on March 1, 1955, we modified the judgment by reducing it to $1,750 and as so modified we affirmed it. On petition for rehearing, defendant for the first time raised the question of jurisdiction of the trial court to entertain the action. On April 27, 1955, we ruled that the complaint sought relief beyond the power of the trial court to grant, and accordingly vacated our former judgment and ordered the case remanded for dismissal for lack of jurisdiction. Our two opinions are reported in 113 A.2d 484, 486.

Thereafter plaintiff sought an allowance of an appeal to the United States Court of Appeals for the District of Columbia Circuit. An appeal was allowed on June 14, 1955. On December 15, 1955, the United States Court of Appeals affirmed the judgment of this court. On March 1, 1956, the United States Court of Appeals, in an opinion which made no reference to its former opinion, reversed the judgment of this court.[1] The case is now before us on remand "for further proceedings" not inconsistent with the opinion of the United States Court of Appeals.

1. Whelan v. Hirshon, 98 U.S.App.D.C. ——, 232 F.2d 339.

We have heard oral argument on the remand and the parties differ greatly as to what further proceedings we should take.

Defendant says the proper procedure is to send the case back for a new trial. He argues that the case was filed and tried as a suit in equity for rescission of a contract and that, in view of the ruling of the United States Court of Appeals that "the claim actually asserted was considered, and we so construe it, as one after a rescission for damages * * *, and not a suit in equity for a rescission * * *," the case should be retried as an action at law for damages with the right to a trial by jury. We do not believe that the further proceedings ordered by the United States Court of Appeals require or even permit us to order a new trial. In the alternative, defendant urges that there should be full reargument before us upon the merits of the case. We do not feel that is necessary because, as we stated in our opinion on rehearing, the case was originally presented to us simply as an appeal from a money judgment. And the United States Court of Appeals having ruled that such was the proper consideration of the case, we see no necessity for reargument.

As we view the case in its present posture, the only matter remaining undisposed of is plaintiff's motion for rehearing which we did not consider because of our ruling on defendant's motion for rehearing. Plaintiff's motion urged that we affirm the judgment in the full sum of $2,990 instead of affirming it in the modified amount of $1,750. In arriving at our original decision we gave careful consideration to this question. We recognized that on rescission for fraud one may recover not only what he has parted with, but also damages incidental to the contract and directly caused by the fraud. However we ruled that the damages claimed for failure to operate the business at a profit could not be considered, in the circumstances of the case, a direct result of the fraud, and could not be recovered. We adhere to that view and deny plaintiff's motion for rehearing.

Accordingly we vacate our judgment entered on rehearing and reinstate our original opinion and judgment modifying the trial court's judgment by reducing it from $2,990 to $1,750 and affirming it as so modified.