KENT HOMES, Incorporated, and Mich-
nick-DiMaio Corporation, Appellants,

v.

Marvin E. FRANKEL, Appellee.

No. 1879.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 5, 1956.

Decided Jan. 14, 1957.

Irving B. Yochelson Washington, D. C.; with whom Solomon Grossberg and Isadore Brill, Washington, D. C., were on the brief, for appellants.

Lawrence J. Latto, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

On February 12, 1955, appellee and his wife contracted to purchase from appellant Kent Homes, Incorporated, an affiliate of Michnick-DiMaio Corporation, a house to be built by it in Fairfax County, Virginia. The terms of the contract provided that in the event the house was not completed and ready for occupancy within one year, appellee would have the right to rescind the contract and recover his deposit of $500. In February 1956, more than a year after the contract date, appellee learned that the State of Virginia was considering the construction of a four-lane highway which would pass directly in front of the property he had contracted to purchase. Feeling that such a highway would make the house undesirable as a home for himself and his family, he notified appellant that he was exercising his right to rescind the contract because of failure of completion of the house within the one-year period. Appellant thereupon returned the $500 deposit.

Subsequently appellee learned that appellant had knowledge of the proposed highway at the time the contract was entered into. On April 2, 1956, he filed this suit alleging that when the lot was being selected appellant's agent assured him that the vacant land in front of the lot was to be either developed into a park or divided into plots upon which residences would be built. Appellee claimed that such assurances, made with knowledge of the proposed high-

way, amounted to material misrepresentations which induced him to sign the contract, and resulted in an expenditure of $416.50 which he would not otherwise have made.

The $416.50 consisted of sums paid by appellee to subcontractors, to whom appellant had referred him, for certain additions and improvements to the house, and also expenses entailed by reason of driving to and from the site while the house was in the process of construction. The trial judge found that appellee had been fraudulently induced to enter into the contract and that the expenditure was a direct result of the fraud. Judgment was entered for appellee in the amount of $416.50. This appeal is from that judgment.

The first question presented is whether a party who has rescinded a contract on some ground other than fraud or misrepresentation can thereafter, upon discovering that he had been fraudulently induced to enter into the contract, sue the other party for damages. Appellant contends that this cannot be done; appellee claims that it is entirely proper. In a sense, both parties are correct, the apparent anomaly being the result of the different meanings attributed to the word "damages."

It is well established that a party to an executed contract who discovers that material misrepresentations were made to him may either affirm the contract and sue for damages, or he may repudiate the contract and recover that with which he has parted. These remedies are said to be mutually exclusive, so that if a party chooses to rescind he cannot also recover damages for the fraud.[1] However, it has been stated by this court, and others, that when a defrauded party rescinds the contract, he is entitled to recover damages "incidental to the contract and caused directly by the fraud."[2] These damages have been re-

1. See Hirshon v. Whelan, D.C.Mun.App., 113 A.2d 484, 485, reversed 98 U.S.App. D.C. 82, 232 F.2d 339, original opinion reinstated, D.C.Mun.App., 122 A.2d 114, and cases cited therein.

2. Hirshon v. Whelan, supra, footnote 1.

ferred to as "special damages,"[3] and are not to be confused with the damages recoverable when an election is made to affirm the contract.

■ Upon affirmance, in those jurisdictions adhering to the "Federal Rule," the damages recoverable constitute the difference between the value of that which was contracted for and the value of that which was received.[4] The special damages recoverable upon rescission are given to compensate the defrauded party for those expenditures made in reliance upon the misrepresentation. Perhaps it is unfortunate that this compensation is referred to as damages, for actually it is a part of the restitution which is required in order that the parties might be placed in status quo ante.[5] The rule, therefore, permitting recovery of special damages upon rescission is not in conflict with the general principle that rescission and damages are mutually exclusive.

■ In the instant case the contract when rescinded was executory. However, if appellee had had knowledge of the fraud, and had rescinded on that basis rather than on the basis of delay in construction, he would have been entitled to recover his deposit plus any special damages incurred. As far as rescission is concerned the fact that a contract is executed or executory makes no difference.

■ With this in mind we now turn to the specific question of whether appellee was entitled to bring suit to recover special damages subsequent to his rescinding the contract on a ground other than fraud. As previously stated, appellee was not aware of the fraud when he rescinded the contract. Had he been aware of the fraud, and elected to rescind on account thereof, he would have been permitted to recover the special damages now claimed. We hold that under the circumstances of this case appellee was entitled to bring an action predicated on the misrepresentations to recover the "special damages" incidental to the contract and caused directly by the fraud.[6] In effect our holding is that the rescission did not place the parties in status quo; that it did not do so because appellee had no knowledge of the fraud perpetrated against him; and that upon discovery of the fraud, appellee had the right to demand of appellant the amount parted with in reliance upon the fraud. When appellant accepted appellee's notice of rescission, it impliedly promised to return to appellee what he had given under the contract. Absent fraud, appellee would have been entitled to the return of the deposit only, but the presence of fraud converted voluntary expenditures to expenditures wrongfully induced. Appellant was aware at the time of rescission that appellee was entitled to be recompensed for these expenditures and the fact that appellee did not discover the fraud until afterwards places appellant in no better position than it was in at the time rescission took place.

We find no merit in the other contentions raised by appellant.

Affirmed.

3. Linderman Mach. Co. v. Hillenbrand Co., 75 Ind.App. 111, 127 N.E. 813.

4. See Annotation, 124 A.L.R. 37; Horning v. Ferguson, D.C.Mun.App., 52 A.2d 116.

5. Waldman Produce v. Frigidaire Corporation, 157 Misc. 438, 284 N.Y.S. 167.

6. This is not the same as an action for deceit. See Michael Home Equipment Co. v. McCauley, D.C.Mun.App., 98 A.2d 101.