Kurt ANDOLSUN, Appellant,

v.

BERLITZ SCHOOLS OF LANGUAGES OF AMERICA, INC., Appellee.

No. 3331.

District of Columbia Court of Appeals.

Argued Oct. 21, 1963.

Decided Jan. 24, 1964.

Rehearing Denied Feb. 12, 1964.

Michael A. Schuchat, Washington, D. C., with whom Leonard S. Sattler, Arlington, Va., was on the brief, for appellant.

M. S. Mazzuchi, Washington, D. C., with whom John F. Gionfriddo, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Defendant-appellee, a language school, had a contract with the United States Army to supply interpreter-translators to the Army Special Warfare School at Fort Bragg, North Carolina. Plaintiff-appellant, an alien who had been employed by the United States Information Agency for twelve years, applied to defendant in May 1962 for a position as an interpreter-translator. During his interview plaintiff inquired if his being an alien would affect his being able to hold the job, and defendant's interviewer replied no, stating that there was no question that defendant could employ aliens for that job with the Army. On May 15, 1962, defendant gave plaintiff a one-year

contract to commence June 1, 1962. He began work on June 1, but was discharged early in July because he was an alien. He brought this action against defendant for loss of earnings, alleging that he had been induced to leave his former employment and enter into the one-year contract, which he expected would actually be in the nature of permanent employment, by defendant's misrepresentations.

The trial court found that at the time of entry into the contract defendant told plaintiff that there was no question of its right to hire aliens; and that plaintiff's employment was terminated for the reason that he was an alien; but the court concluded that there was no misrepresentation of material facts which defendant knew to be untrue and made for the purpose of inducing plaintiff to enter into the contract, and the court denied any recovery.

The conclusion of the trial court that defendant made no misrepresentation appears to be based on its finding that at the time of employment of plaintiff the defendant was not prohibited from hiring aliens for the performance of its contract with the Army. This finding is technically correct, as is evidenced by the fact that plaintiff was accepted by the Army and worked for approximately six weeks. But on the very same day that plaintiff signed his contract (May 15, 1962) defendant's Director in a memorandum to the Army wrote: "Confirming our conversation of last week we will make every effort to recruit U. S. Citizens as Interpreter-Translators and in case we are unable to do so in 100% of the cases, we will replace all non-citizen by U. S. Citizens within the one year between June 1st 1962 and May 30th 1963."

Thus it is plain that there was a question about an alien retaining his position and this question arose prior to plaintiff's signing his contract. On the day that plaintiff was signing a one-year contract defendant was assuring the Army of its efforts to employ U. S. citizens only and promising that all aliens would be replaced within the year that plaintiff was engaged to work. Defendant's Director admitted that plaintiff was told nothing about this.

■ Defendant knew plaintiff was hesitant about leaving a position he had held for twelve years and taking a new position if his alien status might prevent him from retaining the new position. Since plaintiff had made this known, defendant was under a duty to make a full disclosure. Concealment or suppression of a material fact is as fraudulent as a positive direct misrepresentation. Tucker v. Beazley, D.C.Mun. App., 57 A.2d 191.

■ We hold that the uncontroverted evidence established that defendant misrepresented the position offered plaintiff and that plaintiff is entitled to judgment for the damages resulting from such misrepresentations. The fact that plaintiff's contract with defendant provided that, although an employee of defendant, he was subject to Army authority which reserved the right to order his dismissal for any reason, is inconsequential, for it is agreed by all that the only reason for his dismissal was his alien status.

■ With respect to plaintiff's damages, such must be confined to those within the one-year employment period called for by the contract. He was employed for one year and at the end of that period either he or defendant could have refused to renew the contract for any reason.

The judgment is reversed with instructions to enter judgment for plaintiff for loss of earnings sustained in the one-year period. If the parties cannot agree on the amount the court shall determine it after such hearings as it finds necessary for that purpose.

Reversed with instructions.