Ida ESPAILLAT, Appellant,

v.

BERLITZ SCHOOLS OF LANGUAGES OF AMERICA, INC., Appellee.

No. 3840.

District of Columbia Court of Appeals.

Argued Feb. 7, 1966.

Decided March 24, 1966.

Ira M. Lowe, Washington, D. C., with whom Stylianos J. Gratsias, Washington, D. C., was on the brief, for appellant.

John F. Gionfriddo, Washington, D. C., with whom M. S. Mazzuchi, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

Appellant, a citizen of the Dominican Republic, came to this country in February 1962. Until the first of June she engaged in free-lance work as an interpreter-translator in the District of Columbia, at which time she accepted a position in that capacity with appellee to work at the United States Army Special Warfare School at Fort Bragg, North Carolina. Under the terms of her employment contract, she was appointed for one year from June 1, 1962, to May 31, 1963, at a salary of $600 a month, subject to the provision that the Army reserved the right to discharge her at any time during this period. When she had been working for a short time, the government informed her, and all other alien employees similarly engaged, that only United States citizens could serve on the program and the entire alien staff would be replaced. Appellant's employment was terminated as of July 20, 1962. Subsequently she filed suit against Berlitz for breach of contract, seeking damages in the amount of $3,482.42, representing loss of anticipated earnings and expenses incurred in seeking new employment, less wages earned elsewhere during the balance of the contract period. During the course of trial the judge permitted appellant to withdraw her claim of breach of contract and to proceed upon the basis of a fraudulent inducement by Berlitz to enter the employment contract. At the conclusion of the trial the jury rendered a verdict in favor of Mrs. Espaillat for $2,000. Upon a motion filed by Berlitz for judgment notwithstanding the verdict, the trial judge granted judgment for Berlitz on the sole ground that, although the issue of fraud was one for the jury, appellant's evidence failed to establish any basis upon which the jury could find damages. This appeal followed.

In disposing of this appeal, we must analyze the record from two aspects: (1) Does it contain sufficient convincing evidence to support the action of the trial judge in submitting the issue of fraud to the jury and upholding the resolution thereof by the jury in favor of appellant; and (2) is there competent evidence therein to support the award of damages?

■ Although Mrs. Espaillat was aware her employment was subject to the condition that the government reserved the right to terminate it at any time,[1] she had, prior to actually accepting the position, specifically inquired of appellee whether the fact she was an alien would interfere with the job and was told it would not. This was untrue, as Berlitz well knew from its discussions with officials of the government. Failure of Berlitz to inform appellant that

1. Dismissal of Mrs. Espaillat was solely attributable to the fact she was an alien.

the Army had modified its policy with reference to the employment of aliens at Fort Bragg and would replace aliens in the program with United States citizens was valid grounds to support the jury's finding of fraudulent inducement to enter the employment contract.

However, the award of damages by the jury presents the primary question for review here. We must decide whether the trial judge was correct in granting judgment for Berlitz notwithstanding the jury's finding in appellant's favor and its award of damages to her.

Appellant argues she should have the "benefit of the bargain" rule applied in fixing damages. We do not agree. There are two conflicting rules for the proper measure of damages in a tort action for fraud or fraudulent inducement to enter a contract for the sale or exchange of property, and although the present case does not involve the sale or exchange of property, the same rules are applicable. The weight of authority in this country sustains the general or "benefit of the bargain" rule that the defrauded purchaser may recover the difference between the actual value of the property at the time of making the contract and the value it would have possessed if the representations had been true. The minority rule approves as the measure of damages the difference between the actual value of the property and the amount or value of the consideration given by the defrauded party. Also allowable are so-called incidental damages to compensate the defrauded party for expenditures made in reliance upon the misrepresentation in order that the parties may be placed in *status quo ante*. This gives the purchaser only what he actually parted with or what he experienced in out-of-pocket losses by reason of the fraud. This is the Federal rule. Both the majority and the minority rules

are merely applications of the underlying "proximate result" rule and should be employed in a flexible manner:

We follow the Federal rule in this jurisdiction, holding that the measure of damages is what the defrauded person lost by being deceived into entering the contract—not what he might have gained thereby.[2] Here the jury was instructed that, if it found fraud, damages were limited to such compensation as would make appellant's position as good as it would have been had she not entered into the contract.

Viewed in the light of the applicable law, we find the award of damages erroneous. Appellant's testimony detailed no previous regular employment in this country, except on a free-lance basis, nor did it disclose her earnings prior to her assignment with Berlitz. Principally it centered about the many difficulties she encountered in acquiring adequate or acceptable work after her dismissal and her earnings during the ensuing approximate ten months. Lacking was any evidence upon which the jury could make a comparison between her earnings prior to her employment with Berlitz and those during the ten months after her discharge. With such a paucity of factual data available to the jury, we have no alternative but to find that the award must have been made on sheer speculation.

Appellant argues that the case of Andolsun v. Berlitz Schools of Languages of America, Inc., D.C.App., 196 A.2d 926 (1964), supports the award of damages to her. Aside from the fact that Andolsun was another interpreter-translator employed through Berlitz to work at the Army Special Warfare School at Fort Bragg at the same time as appellant and was discharged for the same reason—his alien status—there is nothing in the *Andolsun* case to aid appellant in respect to her claim for damages.

2. Kent Homes, Incorporated v. Frankel, D.C.Mun.App., 128 A.2d 444, 445 (1957), citing Hirshon v. Whelan, D.C.Mun.App., 122 A.2d 114 (1956); Horning v. Ferguson, D.C.Mun.App., 52 A.2d 116, 119 (1947), citing Federal-American Nat. Bank & Tr. Co. of Washington, D. C. v. McReynolds, 62 App.D.C. 291, 67 F.2d 251 (1933); Smith v. Bolles, 132 U.S. 125, 10 S.Ct. 39, 33 L.Ed. 279 (1889).

Factually the cases are distinguishable. Andolsun had been employed with the United States Information Agency for twelve years. His previous income was established. Appellant presented no comparable evidence upon which the jury could predicate an award of damages.

Although the jury found there was a fraudulent inducement by Berlitz, the trial judge was correct in granting judgment *n. o. v.* in favor of appellee for failure of appellant to prove damages.

Affirmed.