Merritt LONG and Phyllis Long, husband and wife, d/b/a Matanuska Valley Collection Service, Appellants,

v.

Nada NEWBY, Appellee.

No. 1278.

Supreme Court of Alaska.

Sept. 14, 1971.

Richard F. Lytle, of Houston & Lytle, Anchorage, for appellants.

Francis J. Nosek, Jr., and Bennett Williams, Anchorage, for appellee.

## OPINION

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR and ERWIN, JJ.

ERWIN, Justice.

We deal for the first time in this appeal with the tort of intentional interference with contractual relations. The superior court below awarded $7,400 in damages to appellee Nada Newby based on a jury finding that appellant Merritt Long had intentionally caused her loss of employment.

In 1956 Myron Newby, a former resident of Alaska and husband of appellee, Nada

Newby, was treated at Swedish Hospital in Seattle, Washington. A promissory note in the amount of $323.35 was signed by Myron Newby and, as found by the jury, by Nada Newby, for services rendered by Swedish Hospital. The Newbys subsequently returned to Alaska in 1958, where Mr. Newby died in 1960. In that year Nada Newby obtained employment with Valley Presbyterian Hospital (V.P.H.) in Palmer, Alaska, and was made head cook in 1961.

Appellant Merritt Long began doing business as Matanuska Valley Collection Agency in 1962. He was also a member of the V.P.H. Board of Trustees and at the time in question was its chairman. In his capacity as a bill collector, Merritt Long received in February, 1963, an assignment of the promissory note executed by the Newbys to Swedish Hospital. Subsequent to the assignment, Merritt Long caused a number of letters to be sent to Nada Newby informing her of the assignment, and in March of 1963 personally contacted her at the hospital. There were approximately five of these meetings with only the two parties present. Nada Newby testified that at the final meeting Merritt Long told her to make arrangements to pay the bill or it would mean her job. Following this meeting Merritt Long informed the V.P.H. administrator of the existence of the Swedish Hospital bill. The next fact that can be set forth with any degree of certainty is that the Board of Trustees became aware of Nada Newby's debt to Swedish Hospital at their April, 1963, meeting. Appellee contends that the Swedish Hospital debt was placed on the delinquent debt list prepared by the hospital administrator for the board at the instance of Merritt Long. The administrator testified that to the best of her recollection the debt came to her atten-

tion as a result of a letter from the Swedish Hospital asking the board's cooperation in collecting it. This letter was never produced and on cross-examination the administrator was not sure whether she received the letter from Swedish Hospital before or after she prepared the delinquent debt list. The board members testified that the Swedish Hospital debt came up on the delinquent debt list and that the letter from Swedish Hospital was passed around.

When the Swedish Hospital debt came before the board, Merritt Long stepped down as chairman and did not participate in the voting. He did, however, present the bill to the board in his capacity "as a collection agent".[1]

After some discussion the board passed a motion requiring Nada Newby to "make arrangements within 30 days to pay her hospital debt at Swedish Hospital or be dropped from Valley Presbyterian Hospital employment." Nada Newby was informed of the board's decision by the hospital administrator. She then consulted an attorney and requested to appear before the board. Nada Newby spoke with the board on May 17, 1963, and testified, "I told 'em that my lawyer had said that this bill was outdated". The board resolved that since Mrs. Newby had made no arrangements, its decision would stand. On May 18, 1963, Nada Newby spoke with Merritt Long and asked to be reinstated. Merritt Long replied that it was out of his hands and that it was the board's decision and not his. On May 20, 1963, Nada Newby picked up her final check and left the hospital.

Appellants brought suit in district court for collection of the debt in October, 1964. Mrs. Newby brought suit in superior court and the actions were consolidated for trial. At the close of all the evidence, the appellants moved for a directed verdict. The

---

1. Betty Jo Riddle, a member of the Board of Trustees, testified:

He said that he was goi—he had had a request from Swedish Hospital to try to collect that bill; since he was a Board member he was going to step down and act as a collection agent would, bringing notice that an employee had a—these aren't his exact words but this is close as I remember that he, you know, had this bill to collect and that these were— he should step down and act as a collection agent and present the matter as a collection agent to the Board, which he did.

motion was denied. Two issues were submitted to the jury: (1) Whether or not Mrs. Newby had signed the note in question; and (2) Whether or not the plaintiff, Merritt Long, had intentionally caused Mrs. Newby to be discharged.

The jury found that Mrs. Newby had signed the note and that Merritt Long had purposely caused Nada Newby to lose her employment. Merritt Long then moved the court for the following relief: (1) judgment notwithstanding the verdict; (2) new trial; and (3) remittitur. These motions were denied by the court and Merritt Long appeals alleging error as to each denial.

■ Before considering the merits of the appeal, we consider the theory upon which Mrs. Newby based her suit. It is almost universally recognized today that a party to a contract has a cause of action against a third party who has intentionally procured a breach of that contract by the other contract party without justification or privilege. A prima facie case is established by proof of a breach intentionally procured. It is then incumbent upon the defendant to show that his conduct was justified. Malice in the sense of ill-will is not required.[2]

## Judgment Notwithstanding the Verdict

The jury was instructed that it should return a verdict in favor of Mrs. Newby if it found that Merritt Long caused Mrs. Newby to lose her employment and did so purposely.[3] Merritt Long did not object to this instruction.[4] However, he views the evidence as permitting only one conclusion: that is, he did not cause, and it was not his intention to cause, Nada Newby to lose her position. Thus, he contends, he is entitled to the verdict as a matter of law.

In Snipes v. March,[5] this court held that where the evidence was such that fair-minded men, in the exercise of reasonable judgment, could differ on the question of fact to be determined, then the matter should be submitted to the jury and it would be error to grant judgment notwithstanding the verdict. Our reading of the record indicates that there is sufficient room for diversity of opinion among reasonable men as to whether Merritt Long caused the termination and did so purposely.

■■ The facts, considered in the best light for appellee,[6] show that Merritt Long threatened to have Nada Newby fired. He informed the hospital administrator of Mrs. Newby's debt to Swedish Hospital. The debt appeared on the V.P.H. delinquent

---

2. Restatement of Torts § 766 at 49 (1939); Prosser, The Law of Torts § 123 at 950 (3d ed. 1964); Annot., 26 A.L.R.2d 1227 (1952). The majority of courts consider mere persuasion sufficient inducement. *Id.* at 1255. The most troublesome issues arise with regard to justification or privilege.

3. The instruction read:
   A person who induces or otherwise purposely causes a third person to discontinue or terminate an employment relationship with another is liable to the other for the harm caused thereby. In this case in order that liability attach to Merritt Long for any damages arising out of Nada Newby's loss of employment as head cook at Valley Hospital, it is essential that the jury find that he purposely brought about her loss of employment. If you find that the loss by Nada Newby of her employment at Valley Hospital was unintended by Merritt Long, or that her

loss of employment was not caused by him, then you must find in Merritt Long's favor on this issue.
   On the other hand, if you find Merritt Long caused Nada Newby to lose her employment at Valley Hospital and did so purposely, then you will find for Nada Newby and against Merritt Long. Nada Newby has the burden of proof on this issue.

4. In his brief appellant argues that his actions were privileged or justified. This argument was not urged below and we shall not consider it here. The trial court apparently felt either that no justification issue was raised or, if raised, that it must be resolved as a matter of law in favor of Mrs. Newby.

5. 378 P.2d 827, 828–829 (Alaska 1963). *See also* West v. Adm'rx. of Estate of Nershak, 440 P.2d 119, 121 (Alaska 1968).

6. Otis Elevator Co. v. McLaney, 406 P.2d 7, 9 (Alaska 1965).

debt list. Merritt Long acted "as a collection agent" before the board. The board was never shown any evidence of the debt. The board had never previously taken any action of this kind. These facts present sufficient basis upon which a jury could find that the termination was intentionally caused by Merritt Long. This element of causation follows even when considering the intervening voluntary act of the board. If Merritt Long intentionally persuaded the board to take such action, or foresaw that the board might take such a course as a result of his inducement, then his intentional conduct may be considered the cause of the termination.[7] We do not rule that it was the cause, but simply hold that there was sufficient basis for a jury to so find. The trial court was correct in denying appellants' motion for judgment notwithstanding the verdict.

*New Trial*

Appellants moved for a new trial contending that several questions, prejudicial to their case, should have been resolved before trial by summary judgment and not allowed to gather sympathy for Mrs. Newby from the jury. The trial court denied the motion. The appellate brief discusses only one of these questions.[8]

The sole issue ultimately presented to the jury in regard to the Swedish Hospital bill was whether Nada Newby had signed a promissory note evidencing the debt. The jury found that she had. Merritt Long nevertheless contends that testimony during the trial, showing that the debt was incurred for hospital care rendered to Myron Newby, should not have been presented and was in fact prejudicial to him on the suit for inducing breach of contract.

■ Accepting, for the sake of argument, that the testimony was prejudicial, there was no error in admitting it. Suit was brought against Nada Newby on a promissory note bearing the names of Nada Newby and Myron Newby. She denied that she owed any obligation, because (1) she did not sign the note, and (2) the debt was a separate obligation of her husband. If the jury had concluded that she did not sign the note, as she contended, then it was incumbent upon her to demonstrate that this was a separate debt of her husband. Pursuant to Alaska law [9] neither spouse is liable for the separate debts of the other. Merritt Long's argument would have precluded Mrs. Newby from showing this essential part of her defense.

*Motion for Reduction of Damages*

Nada Newby was entering $5,110 a year while working as head cook at V.P.H. In the four years following her termination she acquired total earnings of approximately $6,500. The jury found that she had suffered damages in the amount of $10,000 less estimated tax of $2,600 for a total of $7,400.

Appellants contend that this award is excessive and that the court erred in not granting the motion for reduction. It is argued that damages should be limited to

7. W. Prosser, The Law of Torts § 123 at 959 (3d ed. 1964) :

Some of the earlier decisions denying liability argued that the defendant's conduct can never be a proximate cause of the breach, since there is an intervening voluntary act of the third party promisor; but where that act is intentionally brought about by the defendant's inducement, or is even a part of the foreseeable risk which he has created, it seems clear that the result is well within the limits of the 'proximate.' It is a question of fact, and so normally for the jury, whether the defendant has played a material and substantial part in causing the plaintiff's loss of the benefits of the contract. [Footnotes omitted.]

*See also* City of Fairbanks v. Nesbett, 432 P.2d 607, 610–611 (Alaska 1967) (adopting substantial factor test for proximate cause).

8. The "argument" is afforded less than a single page in the brief, contains no case citations, and merely alleges prejudice without specifying error.

9. Any question of a conflict of laws because the note was signed in the State of Washington is obviated by RCW 26.16.200 which is substantially the same as AS 25.15.050 concerning liability for the separate debts of a spouse.

**724**

at most one year's wages. The case of Andolsun v. Berlitz Schools of Languages of America [10] is cited in support of this proposition. That case is inapposite for it concerned the breach of a one-year contract. The circumstances in the present case demonstrate a contract terminable at will.

■ The measure of damages is the difference between what would have been earned if the employment had not been wrongfully terminated and the amount which actually was, or reasonably should have been, earned.[11] The evidence supported the inference that Nada Newby would have remained employed with the hospital but for appellee's interference, and that she made reasonable attempts to find employment after being discharged. Nada Newby established a difference of gross earnings of approximately $14,000. The jury was instructed that a person whose employment is terminated must exercise reasonable care to minimize the loss and that losses resulting from a failure of such care cannot be compensated. The jury awarded damages of $10,000. We do not find such an award excessive.

The judgment is affirmed.

10. 196 A.2d 926 (D.C.App.1964).

11. *See* cases collected in Annot., 26 A.L.R. 2d 1227, 1273–1274 (1952).